854 F.2d 1328
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MGA, INC., Plaintiff-Appellant,
v.
L.S.M.T. CORPORATION, and Acme-Cleveland Corporation,
Defendants-Appellees.
 No. 87-1224.
 United States Court of Appeals, Federal Circuit.
 July 27, 1988.
 
 Before BISSELL, Circuit Judge, SKELTON, Senior Circuit Judge, and ARCHER, Circuit Judge.
 BISSELL, Circuit Judge.
 
 
 1
 MGA, Inc. (MGA) appeals the judgment of the district court, MGA, Inc. v. L.S.M.T. Corp. and Acme-Cleveland Corp., No. 86-74653 (E.D.Mich. Jan. 16, 1987), dismissing MGA's complaint and awarding $3,500.00 in attorney fees to the defendants. We affirm.
 
 OPINION
 
 2
 We have previously set out the background facts of this case in MGA, Inc. v. General Motors Corp., 827 F.2d 729, 3 USPQ2d 1762 (Fed.Cir.1987), cert. denied, 108 S.Ct. 705 (1988). We discuss here only the essential facts needed for the disposition of this appeal.
 
 
 3
 In 1981, MGA sued LaSalle Machine Tool, Inc. (LaSalle) in the Michigan state courts for breach of a license agreement. The trial court held that LaSalle's device was not covered by the license agreement. The state appellate court affirmed, noting that the trial court had implicitly found that the accused device was not covered by the claims of MGA's United States Patent No. 3,570,656 ('656).
 
 
 4
 In 1983, MGA filed a patent infringement action against General Motors Corporation (GM) in federal district court asserting that GM infringed the '656 patent by using the accused device sold to it by LaSalle. LaSalle intervened in this suit and moved for summary judgment. The district court granted LaSalle's motion, holding that the state court judgment precluded relitigation of whether the accused device infringed the patent in suit.
 
 
 5
 While MGA's appeal of this district court judgment was pending before us, MGA again sued LaSalle, which had changed its name to L.S.M.T. Corp. (LSMT). MGA alleged that the state court judgment violated its due process rights, and that LSMT willfully infringed the '656 patent. The district court, however, found no violation of MGA's due process rights. Instead, the court dismissed MGA's complaint and awarded the defendants $3,500.00 in attorney fees as Rule 11 sanctions against MGA. MGA appeals only the imposition of Rule 11 sanctions.
 
 
 6
 In determining the proper standard by which to review the district court's Rule 11 decision, we look to regional circuit law. Atari, Inc. v. JS & A Group, Inc., 747 F.2d 1422, 1439, 223 USPQ 1074, 1087 (Fed.Cir.1984). According to Sixth Circuit precedent, we must review the district court's decision to impose sanctions on MGA under an abuse of discretion standard. Century Prods., Inc. v. Sutter, 837 F.2d 247, 253 (6th Cir.1988). This means that we can reverse only if we have "the definite and firm conviction that the district court made a clear error of judgment in its conclusion upon weighing relevant factors." Secretary of Dep't of Labor v. King, 775 F.2d 666, 669 (6th Cir.1985).
 
 
 7
 We do not have such a conviction in this case. MGA advanced its constitutional challenge to the Michigan state court proceedings in its first appeal to this court. In that decision, we expressly found "MGA's constitutional arguments addressing the Michigan judgment without merit." General Motors, 827 F.2d at 732, 3 USPQ2d at 1763. The district court in this case also held that the state proceedings did not violate MGA's due process rights. This record reflects that MGA is unwilling to accept the preclusive effect of state court and federal district court litigation. We hold, consequently, that the district court did not abuse its discretion in imposing Rule 11 sanctions.
 
 
 8
 Federal Rule of Appellate Procedure 38 authorizes this court to award just damages when the court determines that an appeal is frivolous. We are convinced that this appeal is vexatious litigation rising to the level of frivolity. Thus, we direct MGA and its counsel, John R. Benefiel, to pay defendants their reasonable attorney fees in this appeal.