**Robert V. BARKER; Calvin A. Brown; Local 39 International Union of Operating Engineers, Stationary Engineers, in its representative capacity, Plaintiffs–Appellants,**

v.

**AMERICAN MOBIL POWER CORPORATION, Defendant,**

and

**John A. Ayres, individually; William Bro; W. Douglass Smith, Defendants–Appellees.**

No. 93–15598.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 1994.

Decided Sept. 8, 1995.

As Amended Nov. 15, 1995.

M. Catherine Jones, Van Bourg, Weinberg, Roger & Rosenfeld, San Francisco, CA, for plaintiffs-appellants.

Vernon M. Winters, Cooley, Godward, Castro, Huddleson & Tatum, San Francisco, CA, for defendants-appellees W. Douglas Smith and L. William Bro.

Eric O. Nieman, Moore, Sizoo & Nieman, Walnut Creek, CA, for defendant-appellee John A. Ayres.

Before: FARRIS, BOOCHEVER, and BRUNETTI, Circuit Judges.

Per Curiam; Dissent by Judge FARRIS.

PER CURIAM:

The plaintiffs brought this action against three former fiduciaries of an employee retirement plan. The plaintiffs alleged that the fiduciaries breached their duties under Section 404 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1104. Finding that ERISA's statute of limitations had run on the plaintiffs' claims with respect to two of the former fiduciaries, the district court granted summary judgment in favor of those two. After a bench trial on the plaintiffs' remaining claim against the third fiduciary, the district court held that no breach had been committed and entered judgment in the fiduciary's favor. The plaintiffs appeal from both judgments. We affirm in part and reverse in part.

## FACTUAL BACKGROUND

In 1970, Spartan Associates, an air conditioner service and repair company, created the Spartan Service Associates Profit Sharing and Retirement Plan and Trust (the "Plan") for the benefit of its employees. The Plan established an Administrative Committee composed of Spartan officers or employees. The Trustees of the Plan were given discretionary authority to manage and invest Plan funds but were obligated to follow the directions of the Administrative Committee.

The Plan Agreement required the Administrative Committee to "establish and maintain an account in the name of each participant" and to "credit all allocations to each such participant pursuant to the provisions of [the Plan]." The Plan specified that employer contributions to the Plan were to be made from "current or accumulated net profit." The Plan also afforded employee participants the opportunity to make voluntary contributions to their accounts.

Defendants William Bro and Douglass Smith were appointed Trustees of the Plan in 1973. In 1979, both Bro and Smith wrote letters to Spartan stating that they were resigning from their positions at Spartan, although neither letter specifically mentioned their posts as Trustees. Defendant John Ayres was a member of the Administrative Committee and served as president of Spar-

tan from 1981 to 1989, when the company went out of business.

Plaintiffs Robert Barker and Calvin Brown both had been employed by Spartan as service technicians for approximately twenty years. By virtue of their long-time employment with Spartan, each had fully vested in the Plan. While all other employees with vested rights under the Plan were fully paid, Barker and Brown never received their benefits despite repeated requests that they be paid from the Plan. The Plan's funds had apparently been depleted and there was no longer any money in the trust to pay Barker and Brown.

The plaintiffs filed this action alleging that the defendants breached their fiduciary duties under ERISA § 404 by mismanaging Plan funds.[1] The plaintiffs' complaint also asserted claims under ERISA § 502(c) for failure to furnish benefit information to a participant who requests such information.[2]

The district court granted summary judgment to defendants Bro and Smith on the plaintiffs' breach of fiduciary duty claims. The court held that the claims were time barred by ERISA's statute of limitations. With respect to the plaintiffs' claim against Ayres, however, the court conducted a bench trial to determine whether Ayres had breached his fiduciary duty by assuring the plaintiffs at various times that their benefits were secure and available upon retirement, when in fact they were not. After the trial, the district court held that the plaintiffs had not demonstrated that Ayres breached his fiduciary duties. The court therefore entered

judgment in his favor. The plaintiffs now appeal both the summary judgment in favor of defendants Bro and Smith, and the judgment for defendant Ayres.

## STANDARD OF REVIEW

A grant of summary judgment is reviewed de novo. *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir.1994). A district court's findings of fact are reviewed for clear error; conclusions of law are reviewed de novo. *Rozay's Transfer v. Local Freight Drivers*, 850 F.2d 1321, 1326 (9th Cir.1988), *cert. denied*, 490 U.S. 1030, 109 S.Ct. 1768, 104 L.Ed.2d 203 (1989). We may affirm on any ground supported by the record. *United States v. Washington*, 969 F.2d 752, 755 (9th Cir.1992), *cert. denied*, — U.S. ——, 113 S.Ct. 1945, 123 L.Ed.2d 651 (1993).

## DISCUSSION

### I. *ERISA Statute of Limitations*

ERISA imposes a statute of limitations on claims alleging a breach of fiduciary duty. Section 413 provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which

---

**1.** Although the issue was never raised by the parties or the court below, the dissent maintains that the plaintiffs should not have been permitted to assert their breach of fiduciary duty claims under ERISA because ERISA does not allow individual participants to seek recovery for their own benefit. As the dissent points out, "remedies for alleged fiduciary breaches under ERISA must inure to the benefit of the entire Plan or to all plan participants." Dissent p. 11236 (citing *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985); *Parker v. BankAmerica Corp.*, 50 F.3d 757 (9th Cir.1995); *Waller v. Blue Cross of Cal.*, 32 F.3d 1337 (9th Cir.1994); *Horan v. Kaiser Steel Retirement Plan*, 947 F.2d 1412 (9th Cir.1991)). It is clear that the plaintiffs here compose "all plan participants" remaining in the Spartan

Plan. Therefore, they are entitled to assert their fiduciary breach claims under ERISA.

The dissent finds it troubling that the complaint named the Plan as a defendant, rather than as a plaintiff. Oral argument revealed, however, that if the issue had been raised below, the plaintiffs could have amended the complaint to delete the Plan as a defendant, if that were necessary.

**2.** The district court construed the plaintiffs' § 502(c) claims as components of their breach of fiduciary duty claims. The plaintiffs do not discuss the § 502(c) claims anywhere in their briefs on appeal. We therefore elect to treat that issue as waived. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir.1988).

the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

*except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.*

29 U.S.C. § 1113 (emphasis added).

The plaintiffs filed their breach of fiduciary claim against Bro and Smith in 1990 after discovering that there were no longer any funds in the Plan to pay them their benefits. The district court found that Bro and Smith had resigned as Trustees of the Plan in 1979. The district court reasoned that because the plaintiffs did not bring their action within six years of Bro and Smith's resignation, their claim would be barred, unless they could show that Bro and Smith's alleged breach involved "fraud or concealment." Finding no evidence that Bro and Smith affirmatively concealed any alleged fraud, the court concluded that the plaintiffs' claim did not fall within the "fraud or concealment" exception to ERISA's statute of limitations and that therefore, the claim was barred.

The plaintiffs maintain that the district court erred in both its factual finding that Bro and Smith resigned in 1979, and in its legal conclusion that the statute of limitations barred their claim. We find that no error occurred.

■ According to the plaintiffs, Bro and Smith could not have resigned in 1979 because their resignation letters made no mention of the Trustee positions. Although the plaintiffs are correct that neither resignation letter specifically references the Plan Trustee posts, each indicates an intention to resign from all positions related to Spartan. Moreover, Bro and Smith submitted declarations which stated that: (1) they resigned from their Trustee positions in 1979; (2) it was understood by Spartan management that they had resigned; and (3) successor Trustees were named following each resignation. The plaintiffs did not offer evidence to rebut the defendants' declarations. We find that

the district court did not err in finding that Bro and Smith effectively resigned in 1979.

The plaintiffs argue that even if Bro and Smith resigned in 1979, ERISA's statute of limitations does not bar the plaintiffs' breach of fiduciary claim because the "fraud or concealment" exception tolls the running of the limitations period for six years from the date of discovery. *See* 29 U.S.C. § 1113.

■ We find, however, that the plaintiffs' claim does not fall within the "fraud or concealment" exception to the statute of limitations, because the plaintiffs have not produced specific evidence of fraudulent activity or concealment on the part of Bro and Smith.

Neither the plaintiffs' complaint nor the memorandum in support of their motion for summary judgment sets forth specific facts to establish that Bro and Smith committed fraud. The plaintiffs point to the fact that in the early 1970's, funds were transferred from the Plan to Spartan's parent company and replaced with promissory notes executed by the parent company. This "loan" of Plan funds apparently was never repaid. While these facts may allege a mismanagement of Plan funds and therefore a breach of fiduciary duty, they do not establish fraud. There is no indication that Bro and Smith themselves made knowingly false misrepresentations with the intent to defraud the plaintiffs. The plaintiffs simply have not presented any specific evidence of fraudulent activity by Bro and Smith.

Likewise, the plaintiffs have failed to produce any evidence of affirmative steps by Bro or Smith to conceal any alleged fiduciary breaches. As a result, the plaintiffs cannot rely on the "fraud or concealment" exception to the statute of limitations. *See Radiology Ctr., S.C. v. Stifel, Nicolaus & Co.*, 919 F.2d 1216, 1220 (7th Cir.1990) (The "fraud or concealment" exception applies only when an ERISA fiduciary either "misrepresent[s] the significance of facts the beneficiary is aware of (fraud) or ... hid[es] facts so that the beneficiary never becomes aware of them (concealment).").

■ The plaintiffs argue that the statute of limitations may nonetheless be tolled against Bro and Smith by the fraud or concealment of successor fiduciaries. The plaintiffs argue that Ayres and other subsequent

fiduciaries concealed the prior breaches that were allegedly committed by Bro and Smith while they were Trustees of the Plan, and that therefore, the "fraud or concealment" exception is applicable.

Substantial authority indicates, however, that the exception applies only when the defendant himself has taken steps to hide his breach of fiduciary duty. Other circuits have held that the "fraud or concealment" exception in the statute incorporates the common law doctrine of "fraudulent concealment." *See Larson v. Northrop Corp.*, 21 F.3d 1164, 1172–73 (D.C.Cir.1994); *Radiology Ctr.*, 919 F.2d at 1220; *Schaefer v. Arkansas Medical Soc'y*, 853 F.2d 1487, 1491 (8th Cir.1988). Under that doctrine, a statute of limitations may be tolled only if the plaintiff "establishes 'affirmative conduct upon the part of *the defendant* which would, under the circumstances of the case, lead a reasonable person to believe that he did not have a claim for relief.'" *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415 (9th Cir.1987) (emphasis added) (quoting *Gibson v. United States*, 781 F.2d 1334, 1345 (9th Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987)); *see Greenwald v. Manko*, 840 F.Supp. 198, 203 (E.D.N.Y.1993) ("[T]he doctrine of fraudulent concealment tolls the statute of limitations only as to those defendants who committed the concealment.") (citation omitted). "Plaintiffs may not generally use the fraudulent concealment by one defendant as a means to toll the statute of limitations against other defendants." *Griffin v. McNiff*, 744 F.Supp. 1237, 1256 n. 20 (S.D.N.Y.1990), *aff'd*, 996 F.2d 303 (2d Cir. 1993); *see also O'Brien v. National Property Analysts Partners*, 719 F.Supp. 222, 232 (S.D.N.Y.1989); *Bingham v. Zolt*, 683 F.Supp. 965, 975 (S.D.N.Y.1988).

Because the plaintiffs in this action failed to show that Bro and Smith themselves committed specific acts of fraud or concealment, the plaintiffs may not invoke the "fraud or concealment" exception to ERISA's statute of limitations. Accordingly, the district court properly held that the plaintiffs' claims against Bro and Smith are barred by the statute of limitations.

## II. *ERISA Fiduciary Duties*

ERISA mandates that a fiduciary discharge his duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). ERISA provides that any plan fiduciary who breaches his duties "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary." 29 U.S.C. § 1109(a).

The plaintiffs in this case alleged that defendant Ayres breached his fiduciary duty by failing to inform them of suspicions he had concerning the mismanagement of Plan funds. Following a bench trial, the district court held that Ayres did not breach his fiduciary obligations to Plan participants. A district court's findings of fact are reviewed for clear error; conclusions of law are reviewed de novo. *Rozay's Transfer*, 850 F.2d at 1326. In an action to recover benefits due under a plan, what constitutes a breach of fiduciary duty is a legal question, and therefore subject to de novo review. *See Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889, 894 (9th Cir.1990) (holding that de novo standard applies unless the plan gives the fiduciary discretionary authority to determine eligibility for benefits or to construe the plan).

The district court found that, in the early 1970's, Plan funds had been transferred from Spartan to accounts held by its parent company. This action took place before Ayres became a Plan fiduciary. Ayres testified at trial that he became aware of this transfer in the early 1980's and that, as far as he knew, the funds were never repaid.

The district court also found that Ayres suspected individual accounts had not been established for Plan participants as required. Ayres also apparently had suspicions that Plan benefits were in fact being paid out of the company's operating funds, rather than from the Plan's assets. This could reasonably lead one to suspect that Plan funds were being mingled with those of the company.

Ayres failed, however, to conduct any investigation or inquiry concerning his suspicions. He also failed to alert the Plan participants of his doubts. Instead, he signed yearly profit sharing certificates which indicated that Plan funds were being held on behalf of the plaintiffs and accruing interest over time. Ayres in fact wrote a letter to plaintiff Brown which specifically assured Brown that Plan funds were earning a prime interest rate and would be available upon retirement.[3]

The district court found that Ayres' actions did not constitute a breach of his fiduciary duties. The court found that Ayres never had authority to control or administer Plan funds and therefore was not responsible for any improper transfers that may have been made with Plan money. The court also found that while Ayres may have been suspicious that separate accounts were not being maintained on behalf of Plan participants, his suspicions were never confirmed, and therefore he never made any knowingly false misrepresentations to the plaintiffs regarding their accounts. The district court thus concluded that no breach occurred. We disagree.

█ Ayres suspected that there were problems with the maintenance of the Plan. Any prudent individual who had a retirement account and who possessed the same suspicions that his own account was not being properly maintained would make inquiries to ascertain with certainty that the account was being properly funded. A fiduciary has a duty to act in the best interests of the plan participants and beneficiaries. Not to investigate suspicions that one has with respect to the funding and maintenance of the plan

constitutes a breach of that duty. *See Fink v. National Sav. & Trust Co.*, 772 F.2d 951, 955 (D.C.Cir.1985) (discussing general standards for fiduciaries).[4]

█ Moreover, fiduciaries breach their duties if they mislead plan participants or misrepresent the terms or administration of a plan. *See Anweiler v. American Elec. Power Serv. Corp.*, 3 F.3d 986, 991 (7th Cir. 1993) (as amended). An "ERISA fiduciary has an affirmative duty to inform beneficiaries of circumstances that threaten the funding of benefits." *Acosta v. Pacific Enters.*, 950 F.2d 611, 619 (9th Cir.1991) (as amended). A fiduciary has an obligation to convey complete and accurate information material to the beneficiary's circumstance, even when a beneficiary has not specifically asked for the information. *See Bixler v. Central Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1300 (3d Cir.1993).

█ In this case, not only did Ayres fail to convey complete and accurate information concerning his suspicions with the Plan's maintenance, but he in fact misled the participants by reassuring them in writing that their funds were earning a "prime interest rate plus two percent," and that the funds would be available upon the participants' retirement. Ayres argues that he did not know his statements were false at the time he made them. This does not alter the fact that he had a duty to inform the participants of any and all circumstances that threatened the funding of their pensions. To the extent Ayres failed to respond to the participants' inquiries forthrightly, his statements could be construed as affirmative misrepresentations that constituted a fiduciary breach. *See Fischer v. Philadelphia Elec. Co.*, 994 F.2d 130, 135 (3d Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 622, 126 L.Ed.2d 586 (1993).

---

3. Ayres responded to Brown's inquiries regarding his pension benefits with a letter, dated March 29, 1982, which stated:

Dear Cal:
Enclosed are profit sharing certificates for years ended 9/30/80 and 9/30/81 respectfully. The funds are invested earning prime interest rate plus two percent, which over the last two years translates into approximately 15%–22%. The funds are available to you under the following conditions:
(a) Retirement

(b) Death
(C) Termination
I am hoping that you will choose (a). Should you have any other questions, feel free to ask.

Yours truly,
SPARTAN ASSOCIATES

John A. Ayres
President

4. While Barker was designated as an employee member of the Administrative Committee, the record indicates that he took no active part in the

Ayres argues that the participants submitted no evidence that the certificates contained false information and that therefore the failure of the participants to receive their benefits does not, standing alone, demonstrate that the certificates were false at the time of issuance. If the information in the profit sharing certificates were true and correct at the time they were signed by Ayres, however, then it became Ayres' duty, not the participants', to explain what happened to those funds. *See 2 McCormick on Evidence* § 337 (4th ed.1992) ("[W]here the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue."). Moreover, the fact that no funds were available to pay the participants, who had been assured of the existence of those funds, was probative evidence that the funds were not properly maintained. Under these circumstances, we do not believe that it was the participants' burden at trial to show further that a separate account for the pension funds had not been established under the plan.

The district court held that Ayres' failure to inform the beneficiaries of his suspicions did not cause the harm in this case. The court found that the cause of Spartan's inability to pay the plaintiffs, the diversion of Plan funds to other uses and/or the failure to establish separate accounts for Plan participants, occurred before Ayres became a fiduciary. Therefore, the court concluded that any actions or omissions by Ayres could not have caused the damages that occurred. Again, we disagree. Had Ayres investigated his suspicions and notified the participants of his concerns about the Plan's mismanagement, the participants could have taken steps to have the Plan suitably perform its obligations.[5]

Accordingly, we reverse the district court's judgment with respect to Ayres. We believe that his conduct constituted a breach of the prudent man standard imposed on ERISA fiduciaries.

### III. *Attorney's Fees*

■ The plaintiffs request attorney's fees incurred in the district court and on appeal. ERISA provides that in any action brought by a plan participant, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The district court must consider five factors in deciding whether to award attorney's fees:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980).

After trial, the district court entered judgment for Ayres and, without comment, ordered the parties "to bear their own costs." Because the court rendered its decision without discussion, we cannot determine whether or not the denial of the plaintiffs' fee request was an abuse of discretion. Therefore, we remand to the district court to consider the plaintiffs' request for attorney's fees incurred at the trial court level and to articulate the reasons for its decision. *See id.* at 452–53.

■ The plaintiffs also request fees on appeal. ERISA authorizes recovery of attorney's fees incurred in an appeal. *Smith v. Retirement Fund Trust*, 857 F.2d 587, 592 (9th Cir.1988). The same five factors must be considered in deciding whether to award such fees. *Williams v. Caterpillar, Inc.*, 944 F.2d 658, 668 (9th Cir.1991).

We find that the factors weigh in favor of granting the plaintiffs' request. "If a plan

---

committee's work and there is no evidence that he suspected or had reason to suspect that there were problems with the maintenance of the Plan.

5. The dissent argues that it would be unjust to hold Ayres personally liable for his conduct. While we are not unsympathetic to his burden, we note that fiduciaries may be insured for this type of liability. It would appear that prudent

fiduciaries would have their plan or employers secure such insurance. In any event, when we consider the overall purposes of ERISA as a remedial statute designed to protect the interests of employees in pension plans, *see Henkin v. Northrop Corp.*, 921 F.2d 864, 867 (9th Cir.1990), we believe the participants' rights are the ones entitled to protection.

participant ... prevails in an action to enforce his rights under the plan, he ordinarily should recover attorney's fees in the absence of special circumstances making an award unjust." *Smith,* 857 F.2d at 592 (awarding fees to prevailing plaintiff even when trust did not act in bad faith). The plaintiffs have furthered the resolution of a significant legal question with respect to the duty ERISA fiduciaries owe to plan participants; a fee award would deter future fiduciaries from acting as Ayres did under similar circumstances; and our judgment for the plaintiffs on appeal is indicative of the relative merits of the parties' positions. We therefore hold that the plaintiffs are entitled to attorney's fees on appeal.

Ayres also requests his attorney's fees. We find that there is no reason, on this record, to displace the common rule that "attorney's fees should not be charged against ERISA plaintiffs." *Flanagan v. Inland Empire Elec. Workers Pension Plan,* 3 F.3d 1246, 1253 (9th Cir.1993). There is no indication that the plaintiffs "acted in bad faith" in bringing this suit or that their contentions were "completely without merit." *See West v. Greyhound Corp.,* 813 F.2d 951, 956 (9th Cir.1987) (ERISA defendants' request for fees denied where there was no evidence that plaintiffs acted in bad faith or raised completely meritless contentions). Therefore we reject Ayres' request for attorney's fees.

## CONCLUSION

We AFFIRM the district court's grant of summary judgment for defendants Bro and Smith because the plaintiffs claims against them are barred by ERISA's statute of limitations. We find that defendant Ayres breached his fiduciary duty to the plaintiffs and REVERSE the district court's judgment in his favor. We REMAND to the district court to enter judgment for the plaintiffs against Ayres, to consider the plaintiffs' fee request, and to conduct such further proceedings as are consistent with this opinion.

AFFIRMED in part; REVERSED in part; and REMANDED.

FARRIS, Circuit Judge, dissenting:

Although not discussed by the majority, there is a threshold question of whether plaintiffs may assert their breach of fiduciary duty claims.

Plaintiffs' breach of fiduciary duty claims are brought solely on behalf of Barker and Brown. It is settled law, however, that remedies for alleged fiduciary breaches under ERISA must inure to the benefit of the entire Plan or to all plan participants; damages may not be pursued on behalf of a single beneficiary or a narrow class of beneficiaries.[1] *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 139–144, 105 S.Ct. 3085, 3088–91, 87 L.Ed.2d 96 (1985); *Parker v. BankAmerica Corp.,* 50 F.3d 757, 768 (9th Cir.1995); *Waller v. Blue Cross of California,* 32 F.3d 1337, 1339–40 (9th Cir. 1994); *Horan v. Kaiser Steel Retirement Plan,* 947 F.2d 1412, 1417–1418 (9th Cir. 1991) ("plaintiffs fail to present a fiduciary breach claim if the only remedy sought is for their own benefit, rather than for the benefit of the Plan as a whole"). Because plaintiffs seek damages merely on behalf of themselves, and not the Plan, "ERISA does not provide recovery for the remedies sought." *Horan,* 947 F.2d at 1417.

At oral argument, plaintiffs urged that their technical oversight should be ignored. According to plaintiffs, this action is, in essence, on behalf of the Plan because they are the only two beneficiaries who did not receive profit sharing payments under the Spartan Plan. But a review of the amended complaint (and notice of appeal) reveals that plaintiffs did not merely neglect to name the Plan as a plaintiff; the Plan is named as a *defendant.* Moreover, there is no authority for the proposition that the plain language of § 1109 may be disregarded where putative individual plaintiffs are the only aggrieved beneficiaries of a terminated plan.

---

1. 29 U.S.C. § 1109(a) provides in pertinent part:
 Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries ... shall be personally liable to make good *to such plan* any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary....
 (emphasis added).

I also disagree that Ayres breached his fiduciary duties. The majority holds that Ayres breached his fiduciary duties by signing the certificates instead of notifying plaintiffs of his suspicions regarding the nonexistence of separate Plan accounts. The record is ambiguous as to whether Ayres' suspicions predated his signing of the profit sharing certificates. Even assuming that they did, holding Ayres personally liable for Spartan's failure to pay Plan funds would be a windfall to plaintiffs. The events apparently responsible for the absence of funds occurred long before Ayres became Spartan's president. It was not until 1989 that Ayres became suspicious that the funds did not exist to pay Plan members.

Plaintiffs have apparently suffered an injustice. But the appropriate remedy under ERISA is a benefits claim against Spartan Associates under 29 U.S.C. § 1132(a)(1)(B), not breach of fiduciary duty claims against Ayres. While recovery against now-defunct Spartan Associates may not be possible, the injustice would be compounded by holding Ayres personally liable without any evidence that he was responsible for the company's inability to pay. I respectfully but vigorously dissent.