USCA1 Opinion

 

United States Court of Appeals

For the First Circuit

No. 02-1656

KATHLEEN COOK,

Plaintiff, Appellee,

v.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

Defendant, Appellant.

ON APPELLEE'S MOTION FOR AWARD OF ATTORNEY'S FEES

Before

 Boudin, Chief Judge,

Torruella and Lipez, Circuit Judges.

 William D. Pandolph, with whom Sulloway & Hollis, P.L.L.C. was
on brief for appellant.

 Glenn R. Milner, with whom Cook & Molan, P.A. was on brief for
appellee.

July 3, 2003

 Per Curiam. Kathleen Cook, the prevailing party in an
ERISA appeal, Cook v. Liberty Life Assurance Co., 320 F.3d 11 (1st
Cir. 2003), seeks an award of her attorney's fees on appeal,
pursuant to 29 U.S.C. § 1132(g)(1) (2002). 

 ERISA permits a court in its discretion to award a
reasonable attorney's fee to the prevailing party, including a
party such as Cook who successfully defends an appeal. Denzler v.
Questech, Inc., 80 F.3d 97 (4th Cir. 1996); Barker v. American
Mobil Power Corp., 64 F.3d 1397 (9th Cir. 1995). But as we held in
Cottrill v. Sparrow, Johnson & Ursillo, Inc.: "ERISA does not
provide for a virtually automatic award of attorney's fees to
prevailing plaintiffs. Instead, fee awards under ERISA are wholly
discretionary." 100 F.3d 220, 225 (1st Cir. 1996). The Cottrill
court distilled five factors, characterized as exemplary rather
than exclusive, that are relevant to this analysis: 

 (1) the degree of culpability or bad faith
attributable to the losing party; (2) the
depth of the losing party's pocket, i.e., his
or her capacity to pay an award; (3) the
extent (if at all) to which such an award
would deter other persons acting under similar
circumstances; (4) the benefit (if any) that
the successful suit confers on plan
participants or beneficiaries generally; and
(5) the relative merit of the parties'
positions.

Id. We apply these factors to the defendant-appellant's conduct
during the appeal rather than to the conduct that brought this
benefits dispute into court or to conduct before the trial court. 
See Schwartz v. Gregori, 160 F.3d 1116, 1120 (6th Cir. 1998)
("[W]here an appellee seeks attorney's fees and costs for services
performed in connection with defending an appeal, we review whether
the appellant pursued this appeal in bad faith and not whether the
appellant's conduct which resulted in litigation warrants a finding
of bad faith or culpability."). 

 This was a close case. Liberty Life Assurance Company
("Liberty") did not bring its appeal in bad faith. Although we
ultimately affirmed the district court's holding, we did so in part
on an alternative ground. Additionally, on the question of whether
the district court's award of four years of retroactive benefits
and reinstatement to the disability plan was appropriate, we
recognized that, in many cases, the more appropriate remedy might
have been an order for further proceedings before the insurer on
the issue of disability subsequent to the wrongful termination of
benefits. There is no reason to deter a plausible but ultimately
unsuccessful appeal. Although Liberty's ability to pay the award
is undoubted, and there may be value for other beneficiaries in the
clarification of the standards an insurer must meet in terminating
long-term disability benefits, these factors do not outweigh the
other considerations identified. On balance, we conclude that
Cook's application for attorney's fees for defending against the
appeal should be denied.

 So ordered.