160 F.3d 1116
 Diane A. SCHWARTZ, Plaintiff-Appellant,
v.
Joseph S. GREGORI, M.D.; Joseph S. Gregori, M.D., Inc.,
Individually and as Employer and Administrator of
the Pension Plan and Trust, Defendants-Appellees.
 No. 97-4166.
 United States Court of Appeals,
Sixth Circuit.
 Argued Sept. 24, 1998.
Decided Nov. 20, 1998.
Rehearing and Suggestion for Rehearing En Banc Denied Dec. 23, 1998.
 
 Richard N. Schwartz (argued and briefed), Youngstown, OH, for Appellant.
 Richard J. Thomas (argued and briefed), Richard N. Selby (briefed), Henderson, Covington, Stein, Donchess & Messenger, Youngstown, OH, for Appellees.
 Before: KENNEDY, WELLFORD, and BOGGS, Circuit Judges.
 KENNEDY, Circuit Judge.
 
 
 1
 Plaintiff, Diane A. Schwartz, appeals from the District Court's order denying her applications for appellate attorney's fees in this action for breach of fiduciary duty and discharge in retaliation for asserting rights pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). For the reasons that follow, the judgment of the District Court is AFFIRMED.
 
 I.[1]
 
 2
 Joseph Gregori, a physician, hired Diane Schwartz in 1975 as an x-ray technician and office administrator when Gregori started his own practice, Joseph S. Gregori, M.D., Inc.[2] See Gregori I, 45 F.3d at 1018. In 1975, Gregori formed the Joseph S. Gregori, M.D., Inc. Employer's Pension Plan and Trust Agreement.[3] Gregori and Schwartz both participated in the plan. On the advice of his financial planner, John Kuczek, Gregori invested $50,000 of the plan's assets in September, 1983, and an additional $108,500 in December, 1983, with a commodities investor, David Meek. The investment was made despite Kuczek's knowledge that Meek's business had been in operation for only nine months. See Gregori I, 45 F.3d at 1019. In addition, Kuczek was aware that Meek was young, had little college education, and had five different employers in a four-year period. See Gregori I, 45 F.3d at 1019 n. 1. In 1987, Gregori and Kuczek learned that Meek had embezzled all of the invested funds. The parties stipulated that Schwartz's share of the loss amounted to $19,728.15. After direct negotiations failed, Schwartz's counsel demanded that Gregori reimburse her for the loss and threatened legal action if he did not comply. Following the demand, Gregori informed Schwartz that he would fire her if she sued him or force her to quit by reducing her hours. See Gregori I, 45 F.3d at 1019.
 
 
 3
 Schwartz filed suit against Joseph S. Gregori, M.D., Inc. on November 10, 1988, alleging breach of fiduciary duty. Soon thereafter, Gregori terminated Schwartz, asserting as reasons for her termination that he planned to scale back his practice, implement computerization, and involve his wife in the administration of the office. Following her termination, Schwartz added a breach of fiduciary claim against Kuczek and Gregori individually, and added a claim against the Gregori defendants for illegal discharge. See Gregori I, 45 F.3d at 1019. As relief, Schwartz sought back pay, reinstatement or front pay in lieu thereof, and damages for emotional distress. See Gregori I, 45 F.3d at 1019-20.
 
 
 4
 Following a bench trial, the District Court found all four defendants jointly and severally liable and awarded Schwartz $19,728.15. Regarding the retaliatory discharge claim, the court found that Gregori discharged Schwartz due to the lawsuit she filed to enforce her rights under the plan. Accordingly, the court held that the Gregori defendants retaliated against Schwartz in violation of ERISA. See Gregori I, 45 F.3d at 1020. While the court denied Schwartz emotional distress damages, the court awarded back pay of $59,764 and front pay of $42,443; the District Court concluded that reinstatement was not a feasible remedy in light of the hostility between the parties. In addition, the court awarded Schwartz $33,253 in attorney's fees for services rendered through the date of judgment. See Gregori I, 45 F.3d at 1020.
 
 
 5
 The Gregori defendants appealed to our Court[4] raising three issues relating to Schwartz's claim of retaliatory discharge: (1) whether § 510 of ERISA protects employees from retaliatory acts which are not intended to affect their benefit entitlement; (2) whether the District Court erred in finding that Schwartz was discharged because she filed a lawsuit; and (3) whether the District Court erred in awarding the remedies of front and back pay where ERISA permits the recovery of only equitable, not legal, remedies. Our Court affirmed the judgment against the Gregori defendants for retaliatory discharge and affirmed the award of front and back pay. The Gregori defendants' petition for rehearing before our Court and their petition for certiorari to the Supreme Court were both denied.
 
 
 6
 On February 14, 1995, Schwartz applied for an award of attorney's fees and costs to compensate attorney Robert S. Hartford for services rendered in connection with defending Gregori's appeal and pursuing Schwartz's cross-appeal. Hartford sought $43,365.05 in attorney's fees and $2,597.80 in costs. On October 18, 1995, plaintiff, through attorney Richard Schwartz, filed a motion seeking $38,587.50 in attorney's fees and $1,170.00 in costs related to Schwartz's response to Gregori's Petition for Writ of Certiorari to the Supreme Court. Both attorneys later supplemented their applications seeking payment for additional services rendered since the date of their initial filings.
 
 
 7
 The applications were referred to a magistrate judge who recommended an award of attorney's fees to Schwartz but an adjustment of the amounts claimed by both attorneys. Following objections filed by both parties, the District Court declined to adopt the Report and Recommendation of the magistrate judge. Instead, the District Court held that Schwartz was not entitled to attorney's fees. In so holding, the court relied largely on its finding that Gregori did not pursue his appeal in bad faith.
 
 
 8
 Schwartz now appeals from the District Court's order denying her motions for attorney's fees.
 
 II.
 
 9
 Section 1132(g) of Title 29 confers broad discretion on a district court in making an award of attorney's fees in an ERISA action:
 
 
 10
 In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.
 
 
 11
 29 U.S.C. § 1132(g)(1).[5] Consequently, the decision of a district court to award attorney's fees under 29 U.S.C. § 1132(g)(1) will stand absent an abuse of discretion. See Tiemeyer v. Community Mut. Ins. Co., 8 F.3d 1094, 1101-02 (6th Cir.1993). In exercising its discretion, our Circuit requires the district court to consider the following factors in deciding whether to award attorney's fees:
 
 
 12
 (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.
 
 
 13
 Secretary of Dep't of Labor v. King, 775 F.2d 666, 669 (6th Cir.1985). Because no single factor is determinative, the court must consider each factor before exercising its discretion. See Wells v. United States Steel, 76 F.3d 731, 736 (6th Cir.1996). "[A]n abuse of discretion exists only when the court has the definite and firm conviction that the district court made a clear error of judgment in its conclusion upon weighing relevant factors." Foltice v. Guardsman Prods., Inc., 98 F.3d 933, 939 (6th Cir.1996)(quoting King, 775 F.2d at 669), cert. denied, --- U.S. ----, 117 S.Ct. 1312, 137 L.Ed.2d 475 (1997).
 
 
 14
 Our review of the five King factors leads us to the conclusion that the District Court did not abuse its discretion in denying plaintiff's motions for attorney's fees. With regard to the first factor, we must address the parties' disagreement over the manner in which it applies to appellate attorney's fees. Ms. Schwartz argues that, in determining the degree of the opposing party's culpability or bad faith, courts must examine the bad faith or culpability of the Gregori defendants in the underlying lawsuit; whereas, the appellees maintain that, because Schwartz seeks appellate fees and costs, courts should review whether the Gregori defendants pursued their appeal in bad faith. Logic dictates the answer to this question; where an appellee seeks attorney's fees and costs for services performed in connection with defending an appeal, we review whether the appellant pursued this appeal in bad faith and not whether the appellant's conduct which resulted in litigation warrants a finding of bad faith or culpability. See DeVoll v. Burdick Painting, Inc., 35 F.3d 408, 414 (9th Cir.1994)(attorney's fees not awarded for appellate work because "[a]ppellants' claims were neither frivolous nor made in bad faith, and were supported by existing out-of-circuit law or good faith arguments to extend, modify, or reverse the law of this Circuit"); Operating Eng'rs Pension Trusts v. B & E Backhoe, Inc., 911 F.2d 1347, 1357 (9th Cir.1990)(attorney's fees for appellate work not awarded to appellees because appellants did not "appeal the decision below in bad faith"); Nachwalter v. Christie, 805 F.2d 956, 962 (11th Cir.1986)(attorney's fees for appellate work not awarded because defendant-appellant's "claim was neither frivolous nor pursued in bad faith").
 
 
 15
 In the instant case, we agree that the first factor weighs in favor of the Gregori defendants. While the defendants raised three issues on appeal, the parties have primarily focused on whether the issue concerning the award of front pay and back pay was pursued in bad faith.[6] We agree with the defendants that their pursuit of this issue on appeal was not in bad faith. As acknowledged by our Court in the Gregori I opinion, 45 F.3d at 1021, the intervening Supreme Court decision in Mertens v. Hewitt Associates, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), necessitated revisiting the question of whether back and front pay constituted legal or equitable remedies. While our Circuit had previously sanctioned awards of back pay in ERISA § 510 actions, Mertens held that compensatory damages were not permitted in ERISA § 502(a)(3) actions thereby requiring our Circuit to determine whether back and front pay are a form of compensatory damages. See Gregori I, 45 F.3d at 1021-22. Thus, the Gregori defendants pursued an issue which had to be newly addressed by our Circuit. In addition, while the Third Circuit has since similarly concluded that back pay is an equitable remedy, see In re Unisys Corp. Retiree Medical Benefit "ERISA" Litig., 57 F.3d 1255, 1269 (3d Cir.1995), cert. denied, 517 U.S. 1103, 116 S.Ct. 1316, 134 L.Ed.2d 469, 470 (1996), the question of whether front and back pay were permissible relief for ERISA violations post-Mertens was not answered by any other circuit. For these reasons, the District Court was entitled to conclude that the defendants' appeal to our Court and its petition for writ of certiorari were not pursued in bad faith.
 
 
 16
 Proceeding to the second factor, the ability of the defendants to satisfy an award of fees, both parties agree as to the substance of the evidence presented at a hearing before the District Court: two of Gregori's businesses filed for Chapter 7 bankruptcy; Gregori has incurred significant indebtedness and was, therefore, on the verge of filing personal Chapter 7 bankruptcy. Gregori acknowledged, however, that he remains a practicing physician, that he retains an interest as a creditor in two corporations, and that as a partner in a real estate venture, $400,000 in notes is due to his Investment Retirement Account. Two of the notes totaling approximately $65,000 were due at the end of 1996, three totaling approximately $200,000 were due at the end of 1997 and two totaling approximately $130,000-$150,000 are due at the end of 1998. Reviewing this evidence, the District Court concluded that the testimony did not support the magistrate judge's conclusion that there may be avenues by which Schwartz could collect from Gregori. We agree and therefore find that this factor also weighs in favor of precluding an award of attorney's fees.
 
 
 17
 The third factor, the deterrent effect of an award on other persons under similar circumstances, weighs in favor of the defendants. We agree with the District Court that a party contemplating appeal of a unanswered legal question regarding ERISA with general applicability, such as here, ought not to be deterred for fear of an attorney's fees award. While in this case the only beneficiary of a successful appeal was defendant, in most cases other beneficiaries of the plan are protected by the appellate process.
 
 
 18
 The fourth factor does not weigh in favor of awarding attorney's fees because Schwartz did not seek to confer a common benefit on all participants and beneficiaries of an ERISA plan or seek to resolve significant legal questions regarding ERISA.
 
 
 19
 Lastly, we consider the relative merits of the parties' positions. Both the magistrate judge and the District Court concluded that the merit of Schwartz's position on appeal did not significantly outweigh that of the defendants. While the Gregori defendants ultimately did not prevail on the merits in our Court, both reviewing judges agreed that the issue concerning ERISA remedies that Gregori raised on appeal was a novel and complicated one which required significant discussion by our Court to resolve. We do not disagree with that assessment.
 
 
 20
 Our review of all five of the King factors reveals that no one factor or combination of factors weighs heavily in favor of awarding appellate attorney fees to Schwartz. We, therefore, cannot conclude that the District Court abused its discretion in denying plaintiff's motions for attorney's fees.
 
 III.
 
 21
 For the foregoing reasons, the judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 The following facts are derived from our prior opinion in Schwartz v. Gregori ("Gregori I "), 45 F.3d 1017 (6th Cir.), cert. denied, 516 U.S. 819, 116 S.Ct. 77, 133 L.Ed.2d 36 (1995)
 
 
 [2]
 Joseph Gregori and his corporation are hereinafter referred to as "the Gregori defendants"
 
 
 [3]
 Gregori individually served as trustee of the plan, and Gregori, Inc. served as administrator
 
 
 [4]
 Kuczek also appealed and Schwartz cross-appealed but their appeals were dismissed pursuant to the parties' stipulation. See Gregori I, 45 F.3d at 1020 n. 2
 
 
 [5]
 This section permits recovery of attorney's fees in connection with both trial court litigation and appellate litigation. See Secretary of Dep't of Labor v. King, 775 F.2d 666, 670 (6th Cir.1985)
 
 
 [6]
 While the Gregori defendants raised two other issues on appeal, neither party has argued that the issues ought to be considered individually and attorney's fees awarded only for those issues satisfying the King factors