**Kathleen COOK, Plaintiff, Appellee,**

v.

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, Defendant, Appellant.**

No. 02–1656.

United States Court of Appeals, First Circuit.

Submitted April 30, 2003.

Decided July 3, 2003.

William D. Pandolph, with whom Sulloway & Hollis, P.L.L.C., was on brief, for appellant.

Glenn R. Milner, with whom Cook & Molan, P.A., was on brief, for appellee.

Before BOUDIN, Chief Judge, TORRUELLA and LIPEZ, Circuit Judges.

PER CURIAM.

Kathleen Cook, the prevailing party in an ERISA appeal, *Cook v. Liberty Life Assurance Co.*, 320 F.3d 11 (1st Cir.2003), seeks an award of her attorney's fees on appeal, pursuant to 29 U.S.C. § 1132(g)(1) (2002).

ERISA permits a court in its discretion to award a reasonable attorney's fee to the prevailing party, including a party such as Cook who successfully de-

fends an appeal. *Denzler v. Questech, Inc.*, 80 F.3d 97 (4th Cir.1996); *Barker v. American Mobil Power Corp.*, 64 F.3d 1397 (9th Cir.1995). But as we held in *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*: "ERISA does not provide for a virtually automatic award of attorney's fees to prevailing plaintiffs. Instead, fee awards under ERISA are wholly discretionary." 100 F.3d 220, 225 (1st Cir.1996). The *Cottrill* court distilled five factors, characterized as exemplary rather than exclusive, that are relevant to this analysis:

> (1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket, i.e., his or her capacity to pay an award; (3) the extent (if at all) to which such an award would deter other persons acting under similar circumstances; (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties' positions.

*Id.* We apply these factors to the defendant-appellant's conduct during the appeal rather than to the conduct that brought this benefits dispute into court or to conduct before the trial court. *See Schwartz v. Gregori*, 160 F.3d 1116, 1120 (6th Cir. 1998) ("[W]here an appellee seeks attorney's fees and costs for services performed in connection with defending an appeal, we review whether the appellant pursued this appeal in bad faith and not whether the appellant's conduct which resulted in litigation warrants a finding of bad faith or culpability.").

■ This was a close case. Liberty Life Assurance Company ("Liberty") did not bring its appeal in bad faith. Although we ultimately affirmed the district court's holding, we did so in part on an alternative ground. Additionally, on the question of whether the district court's award of four years of retroactive benefits

and reinstatement to the disability plan was appropriate, we recognized that, in many cases, the more appropriate remedy might have been an order for further proceedings before the insurer on the issue of disability subsequent to the wrongful termination of benefits. There is *no reason to deter a plausible but ultimately unsuccessful appeal*. Although Liberty's ability to pay the award is undoubted, and there may be value for other beneficiaries in the clarification of the standards an insurer must meet in terminating long-term disability benefits, these factors do not outweigh the other considerations identified. On balance, we conclude that Cook's application for attorney's fees for defending against the appeal should be denied.

*So ordered.*