**VESCOM CORPORATION, Plaintiff**

v.

**MERRION REINSURANCE COMPANY, LTD., Defendant.**

**No. 01–CV–146–B–S.**

United States District Court, D. Maine.

Sept. 19, 2003.

See also 251 F.Supp.2d 950.

Charles E. Gilbert, III, Gilbert & Greif, P.A., Julie D. Farr, Gilbert & Greif, P.A., Bangor, for Vescom Corporation.

## ORDER REGARDING ATTORNEY'S FEES

SINGAL, Chief Judge.

Presently before the Court is Plaintiff's Motion for Attorney's Fees and Costs (Docket # 88). For the reasons set forth below, the Court GRANTS Plaintiff's Motion.

## I. BACKGROUND

Plaintiff Vescom Corporation ("Vescom") originally filed this suit against Defendants American Heartland Health In-

surance Administrators ("AHHA") and Merrion Reinsurance Company, Ltd. ("Merrion") in July 2001. Vescom's claims arose out of the Defendants' administration and reinsurance of Vescom's employee health benefits plan.[1]

As alleged in Plaintiff's original and amended complaints, Merrion is "a corporation organized and existing under the laws of the Republic of Ireland, with a principal place of business in Dublin, Ireland." (Compl. ¶ 8 (Docket # 1) & Am. Compl. ¶ 3 (Docket # 8).) Plaintiff served its complaint on Merrion via registered mail on July 23, 2001. (*See* Plaintiff's Request for Default (Docket # 2).) Plaintiff also served its complaint on Merrion in accordance with Maine's Unauthorized Insurers Process Act, 24–A M.R.S.A. §§ 2104 & 2105. (*See id.*) Despite service via two appropriate methods, Merrion did not respond to the complaint and has never filed an appearance in this case. As a result, on August 15, 2001, a default was entered as to Defendant Merrion. (*See* Pls. Request for Entry of Default (Docket # 2).)

Following the entry of the default, the remaining parties spent over a year conducting discovery after which Defendant AHHA filed a motion for summary judgment. The Court granted AHHA's motion for summary judgment as to Counts II, III, IV, VI and VII. *See Vescom,* 251 F.Supp.2d at 953. However, Plaintiff's claims for breach of fiduciary duty under ERISA (Count I) and defamation (Count V) were allowed to proceed to trial on the merits. *See id.* On the eve of trial, AHHA filed for bankruptcy resulting in an automatic stay of this action as to AHHA.

---

1. For purposes of this motion, the Court limits its background discussion to the procedural facts related to the pending motion for attorney's fees. A more in-depth discussion of the underlying facts can be found in the Recommended Decision on Defendant AHHA's Motion for Summary Judgment. *See Vescom Corp. v. American Heartland Health Administrators, Inc.,* 251 F.Supp.2d 950, 955–59 (D.Me.2003).

(*See* Suggestion of Bankruptcy (Docket # 83).)

In accordance with Federal Rule of Civil Procedure 55(b)(2), the Court held a hearing on August 12, 2003 to determine the damages due from Merrion. After determining that Vescom was entitled to damages totaling $262,873.36, plus interest and costs, as a result of Merrion's failure to pay claims and otherwise fulfill its duties as Vescom's reinsurance carrier, the Court entered a default judgment in that amount. Following entry of judgment and in accordance with Federal Rule of Civil Procedure 54(d) and Local Rule 54.2, Plaintiff's counsel filed a motion for attorney's fees seeking a total of $8,884.31 for the time spent litigating Plaintiff's claims against Defendant Merrion.

## II. DISCUSSION

■ For purposes of the pending motion, the Court focuses its attention of Count I of Plaintiff's Amended Complaint, which alleged that Defendant Merrion breached its fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1104 & 1105.[2] (*See* Pl. Am. Compl. ¶¶ 15–19 (Docket # 8).) ERISA specifically allows the Court in its discretion to award attorney's fees and costs to either party. *See* 29 U.S.C. § 1132(g). The First Circuit

has endorsed five "exemplary" factors to be considered in deciding whether a party is entitled to attorney's fees under Section 1132(g). *Cook v. Liberty Life Assurance Co.*, 334 F.3d 122, 124 (1st Cir.2003) (per curiam). These factors include:

> (1) the degree of culpability or bad faith attributable to the losing party; (2) the depth of the losing party's pocket, i.e., his or her capacity to pay an award; (3) the extent (if at all) to which such an award would deter other persons acting under similar circumstances; (4) the benefit (if any) that the successful suit confers on plan participants or beneficiaries generally; and (5) the relative merit of the parties' positions.

*See id.* (quoting *Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 225 (1st Cir.1996)).

■ At the outset, the Court notes that applying these factors to a case in which the defendant has defaulted is complicated by the fact that the Court has not heard from Merrion on any of the above issues. Nonetheless, Merrion's failure to defend or even appear in this action reflects, at the very least, bad faith. As to the second factor, the Court lacks the information necessary to determine the depth of Merrion's pocket but notes that the facts of the case indicate that Merrion began experi-

---

**2.** As previously noted, Plaintiff asserted the same ERISA breach of fiduciary duty claim against Defendant AHHA and this claim survived AHHA's Motion for Summary Judgment. In addition to the breach of fiduciary duty claim, Plaintiff's Amended Complaint asserted claims against Merrion for breach of contract (Count III), restitution (Count VI) and unjust enrichment (Count VII). (*See* Pl. Am. Compl. ¶¶ 23–26, 34–36, 37–39 (Docket # 8).) To the extent that Plaintiff also sought recovery from AHHA on these three counts, the Court has granted summary judgment on these three claims in favor of AHHA. *See Vescom*, 251 F.Supp.2d at 963–64, 969–71 (finding that Vescom had conceded that its

breach of contract claim was preempted by ERISA and that the claims against AHHA for restitution and unjust enrichment were not supported by the summary judgment record). In the context of the current motion, the Court need not decide whether the Court's finding that AHHA was entitled to summary judgment on the Plaintiff's claims for breach of contract, restitution and unjust enrichment might be logically extended to Merrion. *See, e.g., In re First T.D. & Investment, Inc.*, 253 F.3d 520, 532–33 (9th Cir.2001); *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 153–55 (3d Cir.1986) (both discussing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872)).

encing financial problems in 1999. With respect to the third factor, the Court finds that an award of reasonable attorney's fees will serve to deter other companies from engaging in similar breaches of their fiduciary duties. In addition, the Court believes that the award in this case confers a general benefit on all of the participants in Vescom's employee health benefit plan. With respect to the final factor, the evidence presented at the damages hearing and through the motion for summary judgment establishes that Merrion, in fact, did breach its ERISA fiduciary duties by failing to process and pay the claims it received as the reinsurance carrier for Vescom's employee health benefit plan. Thus, absent any evidence to the contrary, the Court has no reason to doubt that Vescom has presented a meritorious claim for breach of fiduciary duty and that Vescom would have been successful even if Merrion had appeared and defended itself in this case.

Although attorney's fee awards in ERISA cases are not "virtually automatic," the First Circuit has also noted that "a successful plaintiff in an ERISA case more often than not should recover attorneys' fees." *Cottrill*, 100 F.3d 220, 225, 227. Having considered the factors discussed above as well as all of the evidence presented during the course of this litigation, the Court finds it is appropriate to exercise its discretion and award attorney's fees in this case. Moreover, having reviewed the bills submitted by Plaintiff's counsel, the Court finds that the attorney's fee request is reasonable. The requested fee reflects the necessary discovery and subsequent work involved in preparing for the damages hearing. Nonetheless, the relatively modest amount requested also reflects that less work was required by the fact that Merrion defaulted rather than litigated the case.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Attorney's Fees and Costs (Docket # 88) and hereby awards Plaintiff's counsel $8,884.31 in fees.

SO ORDERED.