**SECRETARY OF DEPARTMENT OF LABOR, Plaintiff,**

**First American National Bank-Eastern, Intervenor/Plaintiff-Appellee,**

**v.**

**E. William KING, et al., Defendants,**

**the Crown Enterprises, Inc., Defendant-Appellant.**

**No. 84–5861.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 6, 1985.

Decided Aug. 19, 1985.

David Black (argued), Simpson and Moran by Stephen J. Kessler (argued), Birmingham, Mich., for Crown Enterprises.

Paula J. Page, Dept. of Labor, Washington, D.C., for amicus curiae Sec. of Labor.

Guy W. Blackwell, Asst. U.S. Atty., Greeneville, Tenn.

Ed. E. Williams, Johnson City, Tenn., for appellee.

R. Allan Edgar, Lawrence R. Ahern, III, Shelley Rucker (argued), Chattanooga, Tenn., for First American Nat. Bank.

Before KEITH and KENNEDY, Circuit Judges; and DOWD,* District Judge.

PER CURIAM.

The Crown Enterprises, Inc. ("Crown") appeals from the District Court's orders allowing intervention and awarding attorney's fees in the action filed by the Secretary of the Department of Labor ("the Secretary") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001–1461. The Secretary filed suit against the trustees of four different but related pension plans and other 29 U.S.C. § 1002(14) "parties in interest" including defendant-appellant Crown. The Secretary's complaint alleged that the trustees had breached their fiduciary duties under ERISA to the pension plans by allowing the plans to loan money to various persons and entities, including Crown.

The parties settled the action and agreed to the entry of a consent order. In the consent order, the defendants did not admit guilt or wrongdoing. The trustee defendants, however, agreed to resign. The non-trustee defendants agreed to repay the challenged loans. Crown agreed to repay three loans by June 30, 1984: (1) a $1,474,-000 unsecured loan; (2) a $160,000 loan secured by a real property mortgage; and (3) a $140,000 loan secured by a real property mortgage. Upon the trustees' resignation, intervenor/plaintiff-appellee First American National Bank-Eastern ("the Bank") became the successor trustee of the plans. With the exception of Crown, the other non-trustee defendants timely repaid their loans.

On July 13, 1984, the Bank filed a motion to intervene and a motion to cite Crown for contempt for failure to obey the consent order and for a writ of attachment since Crown had not repaid the challenged loans by June 30, 1984. The Secretary supported the Bank's motion to intervene and filed its own motion to cite Crown for contempt. Crown opposed the intervention. At the hearings on these motions, the District Court granted the Bank's motion to intervene, ordered Crown to repay the loans, and awarded the Bank $9,147.80 for its attorney's fees and expenses incurred in the proceedings. The District Court denied the contempt motions and the Bank's motion for a writ of attachment. Crown immediately repaid the loans, except for an interest balance which it paid the following week.

In this appeal, Crown raises two issues: (1) whether the District Court erred in allowing the Bank to intervene; and (2) whether the District Court erred in awarding the Bank's attorney's fees incurred prior to the intervention. The Bank adds a third question: whether this Court should award the Bank its attorney's fees incurred in this appeal. For the reasons stated below, we affirm the District Court's decision.

## I.

The initial focus in this appeal is Fed.R. Civ.P. 24,[1] which governs intervention in

---

* The Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation.

1. Fed.R.Civ.P. 24 provides in pertinent part:
   (a) **Intervention of Right.** Upon timely application anyone shall be permitted to inter-

vene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action

the federal courts. Crown contends that the District Court erred in allowing the Bank to intervene. The Bank argues that either Fed.R.Civ.P. 24(a)(2) or 24(b)(2) entitled it to intervene. Since we hold that the District Court did not abuse its discretion in allowing the Bank to intervene under Fed.R.Civ.P. 24(b)(2), we need not consider whether Fed.R.Civ.P. 24(a)(2) gave the Bank the right to intervene.

In *Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 294 (6th Cir.1983), this Court stated: "A motion for permissive intervention under Rule 24(b) is directed to the sound discretion of the district judge." *See Brewer v. Republic Steel*, 513 F.2d 1222, 1225 (6th Cir.1975); *Afro American Patrolmens League v. Duck*, 503 F.2d 294, 298 (6th Cir.1974). *Cf. Brotherhood of Railroad Trainmen v. Baltimore & O.R.R.*, 331 U.S. 519, 524, 67 S.Ct. 1387, 1389, 91 L.Ed. 1646 (1947).

At oral argument, Crown conceded that a common question of fact or law supported the Bank's intervention. Crown contends that the Bank did not establish independent jurisdictional grounds for intervention since Crown's failure to repay the loans on the due date did not give the Bank a cause of action under ERISA. The prevailing view of the federal courts requires an independent jurisdictional ground to support a claim of permissive intervention under Rule 24(b)(2). *Blake v. Pallan*, 554 F.2d 947, 955 (9th Cir.1977). *See* 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 24.-18[1], at 24–200 (1985). This Circuit, however, has never specifically adopted such a requirement. Assuming, without deciding, that Rule 24(b)(2) requires an independent jurisdictional basis, the Bank's claim satisfies the requirement.

■ As the successor trustee of the employee benefit plans, the Bank qualified as a fiduciary under 29 U.S.C. § 1002(21).[2] Title 29 U.S.C. § 1104(a)(1)[3] imposes fundamental duties of loyalty and care in managing and protecting plan assets on fiduciaries. Crown was a 29 U.S.C. § 1002(14) "party in interest" with respect to the pension plans so that when the Crown did not repay the loans on June 30, 1984, the unpaid loans became prohibited transactions on July 1, 1984 under 29 U.S.C. §§ 1106(a)(1)(B)[4] and 1114(c)(1). Title 29 U.S.C. § 1132(a)(3) provides:

A civil action may be brought ... by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which vio-

---

may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

2. 29 U.S.C. § 1002(21)(A) provides in pertinent part:

[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, ... or, (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

3. 29 U.S.C. § 1104(a)(1) provides in pertinent part:

[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
(A) for the exclusive purpose of:
(i) providing benefits to participants and their beneficiaries; and
(ii) defraying reasonable expenses of administering the plan;
(B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; ....

4. 29 U.S.C. § 1106(a)(1)(B) provides in pertinent part:

A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect ... lending of money or other extension of credit between the plan and a party in interest.

lates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

The Bank, therefore, could have maintained a separate action under ERISA to require repayment of the overdue loan. Consequently, the Bank satisfied the independent jurisdictional basis requirement, if it exists in this Circuit.

As trustee for the plans, the Bank had a fiduciary obligation under ERISA to manage and protect the plans' assets and the statutory right to maintain an action, if necessary, to fulfill that obligation. Indeed, if the Bank had not sued to recover the unpaid loan, the Secretary conceivably could have sued the Bank for breach of its fiduciary duty. Consequently, when Crown failed to repay the loans in a timely fashion, the Bank, as trustee, had both the obligation and the right under ERISA to enforce the consent order and invoke the jurisdiction of the District Court.

■ Rule 24(b) provides that in exercising its discretion, the district court "shall consider whether the intervention will probably delay or prejudice the adjudication of the rights of the original parties." The Bank's intervention caused neither delay nor prejudice. Rather, the Bank's intervention facilitated an expeditious resolution of the issues arising from Crown's failure to repay the loan on time. Consequently, the District Court did not err in granting the Bank's motion to intervene.

## II.

■ Crown argues that the District Court erred in awarding the Bank its attorney's fees incurred prior to the intervention. Under the "American rule," in the absence of statute or enforceable contract, each party to the litigation bears its own legal fees. *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 257, 95 S.Ct. 1612, 1616, 1621, 44 L.Ed.2d 141 (1975). The Bank asserts entitlement to attorney's fees under 29 U.S.C. § 1132(g).[5] Crown again argues that the District Court did not have any jurisdiction under ERISA. For the reasons previously stated, we reject this contention. Since the Bank brought the action to intervene under 29 U.S.C. § 1132(a)(3), the District Court had discretion to award attorney's fees. Title 29 U.S.C. § 1132(g) confers broad discretion on a district court in making the award of attorney's fees. *Hummell v. S. E. Rykoff & Co.,* 634 F.2d 446, 452–53 (9th Cir.1980). Consequently, this Court will reverse a decision of a district court awarding attorney's fees under 29 U.S.C. § 1132(g)(1) only for abuse of discretion. In *Pue v. Sillas,* 632 F.2d 74, 78 (9th Cir. 1980), the court stated that an abuse of discretion exists only when the court has the definite and firm conviction that the district court made a clear error of judgment in its conclusion upon weighing relevant factors.

Several courts have spelled out guidelines for district courts to apply when deciding whether to grant attorney's fees under ERISA. The courts have mentioned the following five factors: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *See Miles v. New York State Teamsters Conference Pension and Retirement Fund Employee Pension Benefit Plan,* 698 F.2d 593, 602 n. 9 (2d Cir.1983), *cert. denied,* 464 U.S. 829,

---

**5.** Title 29 U.S.C. § 1132(g)(1) provides in pertinent part:

In any action under the subchapter (other than an action described in paragraph (2) [which relates to delinquent employer contri-

butions] ) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

104 S.Ct. 105, 78 L.Ed.2d 108 (1983); *Hummell v. S. E. Rykoff & Co., supra* at 453; *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir.1980); *Eaves v. Penn,* 587 F.2d 453, 465 (10th Cir.1978); *Davidson v. Cook,* 567 F.Supp. 225, 242 (E.D.Va.1983), *aff'd,* 734 F.2d 10 (4th Cir.), *cert. denied,* ___ U.S. ___ 105 S.Ct. 275, 83 L.Ed.2d 211 (1984).

Crown does not dispute the amount of the award, but rather the award itself. Under the circumstances, the District Court did not abuse its discretion in awarding attorney's fees.

### III.

In its brief, the Bank has asked this Court to award its attorney's fees incurred in this appeal. In *Ford v. New York Central Teamsters Pension Fund,* 642 F.2d 664 (2d Cir.1981), the court granted appellee's motion for an award of attorney's fees in an appeal contesting the district court's award of attorney's fees under 29 U.S.C. § 1132(g). The court noted appellant's statement that they did not contest the amount claimed. The Bank's attorneys are entitled to compensation for their time spent pursuing this appeal. Upon proper application, the District Court should award a reasonable fee for the attorney's services during this appeal. *See Northcross v. Board of Education,* 611 F.2d 624, 643 (6th Cir.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980).

The decision of the District Court is affirmed.