62 F.3d 1418
 Pens. Plan Guide P 23913I
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SHELDON COMPANY PROFIT SHARING PLAN AND TRUST; Sheldon
Company Defined Benefit Plan and Trust (Terminated); and
George Cares, Paul Cares and Louis Cares, as individuals and
as Trustees of both trusts, Plaintiffs-Appellants,
v.
Michael K. SMITH, as an individual and as a partner or
former partner in Dolinka, Smith & Van Noord;
Dolinka, Smith & Van Noord, a Michigan
partnership; et al.,
Defendants-Appellees.
 No. 94-1239.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1995.
 
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges; HEYBURN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs Sheldon Company Profit Sharing Plan and Trust, Sheldon Company Defined Benefit Plan and Trust (Terminated)[1] (hereinafter the "Plans"), and their trustees, George Cares, Paul Cares and Louis Cares, appeal the district court's denial of their application for attorney fees and costs pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1132(g)(1).
 
 
 2
 The issue of attorney fees arose after plaintiffs' successful litigation against the Plans' investment manager, Dolinka, Smith and Van Noord ("DSV"), a certified public accounting firm, and its partner Michael Smith for breaches of fiduciary duty. Smith, DSV's only registered investment advisor, improperly invested $125,000 of the Plans' assets and misappropriated $60,000 from the Plans' account.
 
 
 3
 After the district court awarded summary judgment to plaintiffs on the issue of liability, it conducted a bench trial to determine the amount of damages suffered by the Plans. Thereafter, plaintiffs moved for attorney fees and costs in the amount of $238,044.55. The district court denied the petition, and plaintiffs appeal. Because we find the arguments raised unpersuasive given the plain language of the statute and the deferential standard of review, we AFFIRM.
 
 
 4
 Section 1132(g)(2) of Title 29 provides that in any suit brought "by a participant, beneficiary, or fiduciary [other than a suit by a fiduciary to enforce Sec. 1145], the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Consequently, we review the denial of an award under an abuse of discretion standard. Secretary of Dep't of Labor v. King, 775 F.2d 666, 669 (6th Cir.1985).
 
 
 5
 Before addressing whether the district court abused its discretion in denying plaintiffs' motion for attorney fees, we turn our attention to the arguments presented by the amicus curiae, the American Association of Retired Person ("AARP"), the National Employment Lawyers Association ("NELA") and the Secretary of the Department of Labor ("Secretary"). We conclude that their arguments cannot be sustained in light of the plain language of the statute and the case law of the circuit.
 
 
 6
 The AARP in conjunction with the NELA filed an amicus brief, reiterating a position previously rejected by this circuit that the proper standard for awarding attorney fees absent unusual circumstances. See Armistead v. Vernitron Corp., 944 F.2d 1287, 1303 (6th Cir.1991) (rejecting the presumption position advanced by the AARP as amicus curiae). Their contention that a failure to award attorney fees undercuts the enforcement scheme established in ERISA fails to take into account Congress' use of precatory language in Sec. 12132(g)(1), the authorizing provision. The presumption argument is weakened by Congress' inclusion of a mandatory fee award provision in Sec. 1132(g)(2) actions to collect delinquent contributions. Further, this circuit has refused to infer such a presumption from the statutory language, and we are bound by the Armistead decision.
 
 
 7
 The Secretary argues in his amicus brief that the award of attorney fees in this case is governed by another provision in ERISA. Under Sec. 409(a) of ERISA, the breaching fiduciary (DSV) is obliged to "make good to such plan any losses to the plan resulting from each such breach...." 28 U.S.C. Sec. 1109(a). The Secretary contends that this provision requires that the Plans be reimbursed for attorney fees and costs because otherwise the Plans will not be made whole. According to the Secretary, Sec. 409(a) must be distinguished from Sec. 502(g)(1) of ERISA, 28 U.S.C. Sec. 1132(g), because it addresses those situations in which the plan rather than a beneficiary or participant pays the costs of litigation. Thus, the Secretary contends that Sec. 409(a) must be read in conjunction with Sec. 502(g)(1).
 
 
 8
 In short, the Secretary asks us to infer the automatic availability of attorney fees in a breach of fiduciary duty case under the general language requiring the breaching party to return to the plan "losses" resulting from the breach. This we will not do. First, we refuse to equate the term "losses" with attorney fees. Secondly, we will not use the general language in Sec. 409(a) to override the explicit language governing fee shifting contained in Sec. 502(g)(1). Consequently, we reject the amicus arguments and turn to the plaintiffs' contention that the district court abused its discretion in denying them attorney fees.
 
 
 9
 Because the statute provides no guidelines as to when fee shifting is appropriate, the development of guidelines has been left to the courts. The factors evaluated by this circuit in assessing whether to award a party attorney fees were announced in King. The district court is to consider the following factors in deciding whether to award benefits:
 
 
 10
 (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.
 
 
 11
 King, 775 F.2d at 669.
 
 
 12
 The King factors continue to direct the analysis although they are a starting point rather than an exclusive list. Armistead, 944 F.2d at 1303-04. Consequently, the district court was free to consider any other factor it deemed important as well as the factors announced in King. The district court exercised its discretion, emphasizing the plaintiffs ability to pay their attorney fees as well as reviewing the King factors. It concluded that the factors weighed against an award of fees to plaintiffs. We find no abuse in this exercise of the district court's discretion.
 
 
 13
 Therefore, we AFFIRM the judgment of the district court for the reasons stated in its January 28, 1994 decision.
 
 
 
 *
 The Honorable John G. Heyburn, II, United States District Judge for the Western District of Kentucky, sitting by designation
 
 
 [1]
 The Sheldon Company Defined Benefit Plan, which benefited George Cares, was terminated after Congress passed legislation that removed the tax benefits of the plan. Cares rolled over his plan assets into the Profits Sharing Plan