Judith DOUGLAS, Plaintiff,

v.

EVANS INDUSTRIES, INC., a Florida Corporation, Great Lakes Plastics Corp., A Michigan Corporation, and Union Central Life Insurance Co., a Delaware Corporation, jointly and severally, Defendants.

No. 00–CV–75525–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 28, 2001.

Henry J. Andries, David M. Davis, Hardy, Lewis, Birmingham, MI, for Plaintiff.

David H. Oermann, Denise E. Lopez, Pending App., Butzel Long, Bloomfield Hills, MI, S. David McNeill, Freeman McNeill, Birmingham, MI, for Defendants.

## OPINION

DUGGAN, District Judge.

Following the denial of her claim for life insurance benefits under her late husband's life insurance policy, Plaintiff brought this ERISA action against Defendants challenging that denial of benefits.

At a hearing held on August 9, 2001, Defendant Union Central Life Insurance Company, the plan administrator, acknowledged that in light of a recent Sixth Circuit case its previous decision denying life insurance benefits to Plaintiff must be reversed. However, the parties disputed the amount of life insurance benefits to which Plaintiff was entitled. The parties agreed to have the Court make a determination on the amount of life insurance benefits owed to Plaintiff, rather than have that issue referred back to the plan administrator. After reviewing supplemental briefs addressing the issue, the Court concluded that based upon the evidence presented, Plaintiff was entitled to life insurance benefits in the amount of $10,000.

On November 16, 2001, Plaintiff filed a motion for attorneys' fees and interest. For the reasons that follow, the Court concludes that Plaintiff is entitled to an award of attorney fees in the amount of $5,234.50. The Court also concludes that Plaintiff is entitled to interest on her $10,000 Judgment from the date of the denial of Plaintiff's claim, September 30, 1999.

**Background**

Plaintiff Judith Douglas is the surviving spouse of Charles Douglas ("Mr.Douglas"). For over forty years Mr. Douglas was employed by Robin Products Company ("Robin Products"), currently known as Great Lakes Plastics, which is a division of Defendant Evans Industries, Incorporated (the Court will refer to Defendants Great Lakes Plastics and Evans Industries collectively as "Evans Industries"). As of September 1, 1996, Mr. Douglas was cov-

ered by a group term life insurance policy issued to Robins Products by Royal Maccabees Life Insurance Company. Defendant Union Central Life Insurance Company ("Union Central") is the successor carrier to Royal Maccabees Life Insurance Company. Mr. Douglas designated Plaintiff as his sole beneficiary under the policy.

On May 13, 1998, Mr. Douglas left work after suffering a seizure. Mr. Douglas, who was diagnosed with cancer and began receiving medical treatment, never returned to work. His condition continued to deteriorate and he died on July 14, 1999.

On or about September 16, 1999, Plaintiff submitted a written claim for life insurance benefits to both Evans Industries and Union Central. (Compl.¶ 18). On September 30, 1999, Union Central denied Plaintiff's claim for life insurance benefits, finding that no life insurance benefits were available under the policy. (Pl.'s Mot. for Summ. J., Ex. J).

After exhausting her administrative remedies, Plaintiff filed suit against Defendants in Wayne County Circuit Court on December 5, 2000. Defendants removed the action to this Court on December 22, 2000, asserting federal question jurisdiction.

On August 9, 2001, the Court held a hearing regarding a motion for summary judgment [1] filed by Plaintiff and a motion for partial summary judgment filed by Union Central. At that hearing, Union Central continued to deny liability, asserting that it was not the plan administrator. However, after the Court stated that it found Union Central to be the plan administrator,[2] Union Central conceded that its

---

**1.** The Court notes that the Sixth Circuit has instructed that "the concept of summary judgment is inapposite to the adjudication of an ERISA action." *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 619 (6th Cir.1998). Accordingly, the *Wilkins* court established guidelines to replace summary judgment pro-

cedures for district courts to use in adjudicating ERISA recovery of benefits actions. *Id.*

**2.** It is undisputed that it was Union Central who made the decision to deny liability and it was Union Central who communicated that decision to Plaintiff.

decision denying benefits to Plaintiff must be reversed in light of a recent Sixth Circuit case, *Stafford v. First Tennessee Nat'l Bank & Union Central Life Ins. Co.,* 230 F.3d 1360, 2000 WL 1359631 (6th Cir. 2000).

However, that conclusion did not end the matter. While the parties agreed that Plaintiff was entitled to life insurance benefits under her late husband's policy, the amount of benefits that Plaintiff was entitled to remained in dispute. The Schedule of Benefits for the group term life insurance policy at issue indicated that eligible salaried employees ("class 01") are entitled to a life insurance benefit of $50,000, while eligible hourly employees ("class 02") are entitled to a life insurance benefit of only $10,000. (*See* Schedule of Benefits). Union Central and Evans Industries took the position that Mr. Douglas was an hourly employee, and Plaintiff was therefore entitled to a maximum benefit of $10,000. Plaintiff, on the other hand, asserted that Mr. Douglas was a salaried employee, and that she was therefore entitled to $50,000 in life insurance benefits.

At the hearing, the Court explained that as the plan administrator had determined that *no* life insurance benefits were available under the policy, the administrator never had occasion to determine the *amount* of benefits to which Plaintiff would be entitled. *See Schadler v. Anthem Life Ins. Co.,* 147 F.3d 388, 398 (5th Cir.1998). As such, the record before the Court did not contain a determination by the administrator as to the amount of benefits Plaintiff would be entitled to under the policy.

Under the circumstances, the Court initially believed the case should be remanded to the plan administrator for a determination of the amount of benefits to which

Plaintiff was entitled and for the development of a full factual record on that issue.[3] *See Donnelly,* 1999 WL 313896 at *2 (vacating district court's grant of summary judgment and instructing district court to remand action for eligibility determination by administrator); *Cate v. CNA Ins. Co.,* 965 F.Supp. 1039, 1046 (M.D.Tenn.1997) (remanding action to plan administrator for reconsideration and further development of the record); *Schadler,* 147 F.3d 388, 398 (vacating judgment of district court and instructing district court to remand case to plan administrator). However, at the hearing Union Central and Plaintiff agreed that such course of action would only delay an ultimate determination of the issue by this Court, as upon remand Union Central would undoubtedly determine that Mr. Douglas was an hourly employee, and Plaintiff would then be back before this Court challenging that determination.

Accordingly, rather than have the benefit amount issue referred back to Union Central for a determination, "the parties agreed to allow the Court to make a factual determination on the issue." (Pl.'s Supp. Br. at 1). In stipulating to having this Court render a decision on the issue, the parties agreed that evidence outside the administrative record would be presented to the Court in order to enable the Court to make a determination. After viewing all of the evidence presented on the issue, the Court determined that Mr. Douglas was an hourly employee, and Plaintiff was therefore entitled to a benefit of $10,000. (*See* 11/2/01 Opinion). Accordingly, Plaintiff obtained a Judgment in the amount of $10,000. (*See* 11/2/01 Judgment).

---

**3.** As the Sixth Circuit indicated in *Perry,* "the proper forum for expansion of the record is not the district court but the plan administra-

tor." *Donnelly v. Guarantee Mutual Life Co.,* 181 F.3d 100, 1999 WL 313896 (6th Cir. 1999).

## Discussion

On November 16, 2001, Plaintiff filed the instant motion for attorney fees and for pre-judgment and post-judgement interest. In that motion, Plaintiff requested attorney fees in the amount of $19,836.00, and interest on the November 2, 2001 Judgment.

Although the general rule or the "American Rule" is that each party in litigation bears its own legal fees, certain exceptions to this rule have been made by specific statutory authority. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980); *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975). Plaintiff brings the instant motion for attorney fees under 29 U.S.C. § 1132(g), which provides that "[i]n any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Although that statute does not expressly limit an award of attorney fees to a "prevailing party," courts have interpreted the statute to allow an award of attorney fees only to a prevailing party. *See Kaiser Steel Corp. v. Mullins,* 455 U.S. 72, 89 n. 14, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982); *Cattin v. General Motors Corp.,* 955 F.2d 416, 427 (6th Cir.1992).

### A. *Plaintiff is a "Prevailing Party" in this Action*

Defendants first contend that Plaintiff is not entitled to an award of attorney fees because Plaintiff is not a "prevailing party" in this action. Defendants take the position that because Plaintiff received a judgment in the amount of $10,000, rather than

in the amount of $50,000 that Plaintiff believed she was entitled to under the policy, Plaintiff was not a "prevailing party." Defendants also assert that during the course of this case Plaintiff was offered $10,437 to settle the case, an amount higher than the judgment Plaintiff ultimately received. (*See* Def. Evans Industries, Inc.'s Resp., Ex. A). However, Defendants have not provided any authority for their position that Plaintiff may not be considered a "prevailing party" simply because she received a partial recovery on a claim previously denied in full, or because she refused a settlement offer that was higher than the amount she was ultimately awarded.

In response to Defendants' argument, Plaintiff acknowledges that she did not prevail with respect to the benefit amount issue, but asserts that she was still the prevailing party as to liability in this case. Accordingly, Plaintiff concedes that she is only entitled to an award of attorney fees for services rendered until August 9, 2001.[4]

The Court agrees that Plaintiff was a prevailing party with respect to liability in this action. Although Plaintiff's claim for benefits under her late husband's life insurance policy had previously been denied in full, in this action Plaintiff obtained a judgment entitling her to $10,000 in life insurance benefits under that policy.

### B. *Plaintiff is Entitled to an Award of Attorney Fees Under Section 1132(g)*

Section 1132 (g) "confers broad discretion on a district court in making the award of attorney's fees." *Secretary of Dept. of Labor v. King,* 775 F.2d 666, 669 (6th Cir.1985). When deciding whether to award attorney's fees under ERISA,

---

**4.** After August 9, 2001, the time Plaintiff's counsel spent on this case was devoted to the benefit amount issue.

courts should consider the follow factors, with no single factor being determinative: 1) the degree of the opposing party's culpability or bad faith; 2) the opposing party's ability to satisfy an award of attorney's fees; 3) the deterrent effect of an award on other persons under similar circumstances; 4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and 5) the relative merits of the parties' positions. *Id.; Wells v. U.S. Steel,* 76 F.3d 731, 736 (6th Cir.1996).

Not all of the factors listed above apply to this case or weigh in favor of an award of attorney fees. For example, the Court is not satisfied that the Defendants acted in bad faith. In addition, the party requesting fees in this action, Plaintiff, was not seeking to confer a common benefit on all participants and beneficiaries of the ERISA plan at issue.

However, the Court is satisfied that the remaining factors weigh in favor of an award of attorney fees. First, it appears that Defendants would be able to satisfy an award of attorney fees in this case, as Defendants have not even asserted that they are unable to satisfy Plaintiff's requested award of attorney fees.

Second, as Plaintiff argues, an award of fees in this case may have a deterrent effect on Defendants in that it may increase the likelihood "that they provide employees with required notices and admit liability when confronted with law that clearly refutes their position." (Pl.'s Reply at 4).

Third, the relative merits of the parties' positions weigh in favor of an award. As Plaintiff notes, before this action was even

filed by Plaintiff on December 5, 2000, the Sixth Circuit issued the *Stafford* decision. Despite having the benefit of the *Stafford* decision,[5] Defendant Union Central continued to deny liability until the summary judgment hearing on August 9, 2001. Defendant Union Central denied liability, taking the position that, despite the that fact that it had received Plaintiff's claim and made the determination to deny benefits to Plaintiff, it was not the "plan administrator." At the hearing the Court indicated that it deemed Defendant Union Central the plan administrator. Only after the Court made that finding did Union Central admit that its decision to deny life insurance benefits to Plaintiff must be reversed in light of *Stafford.*

Although Union Central admitted at the hearing that its decision denying life insurance benefits to Plaintiff had to be reversed based on *Stafford,* it then took the position that Plaintiff's benefits were limited to $10,000 because Plaintiff's late husband was a salaried employee. As Defendants note, Plaintiff was unsuccessful on her claim that Mr. Douglas was a salaried employee, as the Court determined that Mr. Douglas was an hourly employee, and therefore Plaintiff was entitled to $10,000 in life insurance benefits. Defendants contend that Plaintiff is not entitled to attorney fees for "needlessly pursuing this meritless claim."

Specifically, Union Central contends Plaintiff is not entitled to attorney fees "after the April 25, 2001 settlement offer." (Def. Union Central's Resp. at 2–3).

The Court agrees with Union Central that the fact that Defendants offered to pay the $10,000 that Mr. Douglas was "entitled to" as an "hourly employee" is a factor that should be taken into consider-

---

5. As Defendant Union Central was a party to *Stafford,* it certainly was aware of that decision.

ation, in light of the Court's ultimate determination on the benefit amount issue. However, the Court believes that Plaintiff was justified in not accepting the settlement offer of $10,000 until May, 15, 2001, when Plaintiff's counsel received the "renewed" settlement offer.[6] The Court therefore believes that Plaintiff should not be awarded attorney fees for services performed after May 15, 2001. The amount of attorney fees incurred through May 15, 2001, is $5,234.50.

The Court also notes that Defendant Union Central asserts that the invoice attached to Plaintiff's motion "indicates that her attorneys agreed to represent her on a 'contingency' basis," and that a contingency arrangement of one third of the award is "the typical agreement in contingency cases in this District." (Def. Union Central's Resp. at 2). On this basis, Defendant Union Central contends that Plaintiff's attorney fee award should be limited to $3,333.33, one third of the $10,000 Judgment Plaintiff received in this case.

■ The Court disagrees. Defendant Union Central has offered no authority for its position that Plaintiff's award of attorney fees under 29 U.S.C. § 1132(g) must be limited by any contingency agreement she entered into with her counsel. Moreover, the Sixth Circuit has taken a contrary position on this issue. In *Bemis v. Hogue,* the court stated:

> The language of § 1132(g)(1) provides virtually no guidance, stating that the court has discretion to award a 'reasonable attorney's fee.' The legislative history is also silent as to how a fee award should be calculated. In the civil rights

context, there is no question that a fee award is not limited by any contingency fee arrangement. *Blanchard,* 489 U.S. at 92–93, 109 S.Ct. at 944–45. We do not believe that the presence of a contractual obligation to pay a certain amount should limit the potential recovery under § 1132(g).

*Bemis v. Hogue,* 935 F.2d 269, 1991 WL 102385 at *6 (6th Cir.1991).

Accordingly, the Court is satisfied that Plaintiff is entitled to an award of attorney fees under 29 U.S.C. § 1132(g). Therefore, the Court finds that Plaintiff is entitled to an award of $5,234.50, representing 36.1 hours at $145.00 per hour for services performed through May 15, 2001.

## C. *Plaintiff is Entitled to Interest*

Plaintiff also requests prejudgment and postjudgment interest.

"Since ERISA does not address the propriety of awarding prejudgment interest, such interest may be awarded in the discretion of the district court." *Drennan v. General Motors Corp.,* 977 F.2d 246, 253 (6th Cir.1992). "Awards of prejudgment interest are compensatory, not punitive, and a finding of wrongdoing by the defendant is not a prerequisite to such an award." *Id.*

■ Plaintiff's claim was denied on September 30, 1999. Although Plaintiff diligently pursued her rights with respect to her claim for life insurance benefits, she did not receive a judgment entitling her life insurance benefits until November 2, 2001. Thus, Plaintiff was denied the use of the life insurance proceeds she was

---

**6.** Defendant Union Central made the initial settlement offer of $10,000 on April 25, 2001. (*See* Def. Union Central's Resp., Ex. A at 1). However, on May 3, 2001, Plaintiff's counsel declined to accept the offer at that time and requested "the evidence" relied upon by Defendants to support their position that Mr.

Douglas was an hourly employee. (*Id.* at 2). On May 15, 2001, Defense counsel supplied the information relied upon in reaching the conclusion that Mr. Douglas was an hourly employee and "renewed" the $10,000 settlement offer. (*Id.* at 4).

entitled to for over two years. The Court is satisfied that in order to fully compensate Plaintiff, she must be given interest[7] on the $10,000 life insurance benefit from the date of the denial of her claim, September 30, 1999.

### Conclusion

For the reasons stated above, the Court concludes that Plaintiff is entitled to an award of attorney fees under 29 U.S.C. § 1132(g) in the amount of $5,234.50, for services rendered through May 15, 2001. The Court also concludes that Plaintiff is entitled to prejudgment interest from the date of the original denial of her claim, September 30, 1999. Plaintiff is also entitled to postjudgment interest pursuant to 28 U.S.C. § 1961. An Order consistent with this Opinion shall be submitted for entry by the Court.

---

**7.** The Court finds Plaintiff's proposed calculation that "takes the weekly average of one year Treasury constant maturities from September 30, 1999 (the date her claim was denied)" to be reasonable. (*See* Pl.'s Reply at 6). Therefore, the interest shall be so calculated. However, the Court denies Plaintiff's request that prejudgment interest be compounded annually.