**Lee OUSLEY, Plaintiff,**

**v.**

**GENERAL MOTORS RETIREMENT PROGRAM FOR SALARIED EMPLOYEES, Defendant.**

No. 3:01cv309.

United States District Court, S.D. Ohio, Western Division.

March 13, 2006.

Tony C. Merry, Palmer Volkema & Thomas, Columbus, OH, for Plaintiff.

David M. Davis, Hardy, Lewis & Page, P.C., Birmingham, MI, Gregory P. Spears, Lee C. Falke & Associates, Dayton, OH, for Defendant.

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR AT- TORNEYS FEES AND NONTAXA- BLE COSTS (DOC. # 22); JUDG- MENT TO ENTER IN FAVOR OF PLAINTIFF AND AGAINST DE- FENDANT IN THE AMOUNT OF $9172.84

RICE, District Judge.

Plaintiff brought this litigation under § 502(a) of the Employee Retirement In- come Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), seeking benefits under a pension plan, to which he alleged he was entitled as a result of his previous employ- ment with General Motors Corporation ("GM"). Doc. # 1. In a Decision and En- try dated February 28, 2005, this Court sustained the Plaintiff's unopposed Motion for Judgment on the Administrative Rec- ord (Doc. # 18), and ordered that Judg- ment be entered on behalf of the Plaintiff and against the Defendant. Doc. # 19. This matter is now before the Court on the Plaintiff's Motion for Attorney's Fees and Non-taxable Costs. Doc. # 22. Based on the reasoning and citations of authority contained herein, the Plaintiff's Motion is SUSTAINED.

## I. PROCEDURAL AND FACTUAL BACKGROUND

The Plaintiff worked for GM from sometime in the second half of 1963, until December, 1972. While so employed, Plaintiff was covered by the GM Salaried Employees Plan, which had two parts. The first, Part A, is a non-contributory pension plan in which salaried employees are automatically enrolled. To be eligible for a pension under Part A, a person must have at least 10 years of credited service with GM. Plaintiff conceded he did not have that amount of credited service with GM and that, therefore, he was not eligi- ble for benefits under that Part. He did, however, seek benefits under Part B of the GM Salaried Employees Plan, which is a non-mandatory contributory plan. Plaintiff elected to participate in that part and he had money deducted from his pay- checks for that purpose.

In February, 1999, Plaintiff, anticipating reaching retirement age shortly, contacted the administrator of the GM Salaried Em- ployees Plan to inquire about benefits. Plaintiff was told that no records of his employment with GM existed. According- ly, he was asked to provide an earnings

report from the Social Security Administration to substantiate such employment. Plaintiff provided such substantiation, as well as a number of pay stubs demonstrating that money had been withheld from his salary for Part B pension benefits. Thereafter, he repeatedly contacted the administrator about his claim; however, it was not resolved. In October, 2000, Plaintiff wrote the administrator of the GM Salaried Employees Plan, explaining his claim and frustration over not having had that claim resolved. In March, 2001, Plaintiff's counsel sent a similar letter, demanding that his client's claim be ruled upon. Despite these repeated contacts, Plaintiff's claim for benefits was not ruled upon. Indeed, there was no evidence that the plan administrator even responded to either of those letters. On July 31, 2001, the Plaintiff filed the Complaint in this action, seeking to recover his benefits. After filing its Answer (Doc. # 8), the Defendant made no further attempts to contest the Plaintiff's claim. Following the Plaintiff's unopposed Motion for Judgment on the Administrative Record (Doc. # 18), judgment was entered on behalf of the Plaintiff, and the Defendant was ordered to pay him the benefits he was due under the plan. Doc. # 19.

## II. LEGAL STANDARD

■ In an ERISA action by a plan participant, the trial court, in its discretion, may award reasonable attorney's fees and costs to either party. 29 U.S.C. § 1132(g)(1); *see also, Armistead v. Vernitron Corp.,* 944 F.2d 1287,1301 (6th Cir. 1991). The Sixth Circuit has rejected a presumption that attorney's fees should normally be awarded to the prevailing plaintiff. *Foltice v. Guardsman Prods., Inc.,* 98 F.3d 933, 936 (6th Cir.1996). In exercising its discretion, a trial court should consider the following factors:

1. the degree of the opposing party's culpability or bad faith;

2. the opposing party's ability to satisfy an award of attorney's fees;

3. the deterrent effect of an award on other persons under similar circumstances;

4. whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and

5. the relative merits of the parties' positions.

*Secretary of Dep't. of Labor v. King,* 775 F.2d 666, 669 (6th Cir.1985). These factors are not statutory and therefore not dispositive. Rather, they are simply considerations representing a flexible approach. *Foltice,* 98 F.3d at 937.

## III. ANALYSIS

■ An examination of the five factors leads the Court to conclude that the Plaintiff's motion must be sustained.

### 1. *Bad Faith*

The Defendant argues that it did not act in bad faith, rather it made every effort to determine the Plaintiff's eligibility, and to settle the matter. However, an examination of the record indicates otherwise. It is apparent that even after determining that the Plaintiff was eligible for benefits, the Defendant's efforts were designed to delay the payment of those benefits and to reduce the amount it must pay to something less than what the plan called for. The Defendant attempted to avoid service, and even after the Plaintiff filed his claim, the Defendant, in its answer, contested its liability. While the Defendant subsequently offered no opposition, it also made no effort to reduce the costs of litigation to the Plaintiff on a matter for which it was well aware it was liable. In fact, the Defendant was aware, long before this case

was filed, that it owed benefits to the Plaintiff. Rather than meeting its obligations, it, at every turn, attempted to avoid same and to delay the final reckoning. It was well within the Defendant's power to reduce the costs of litigation, or avoid litigation altogether, and it chose not to do so. The use of these tactics, in a case where the Defendant had no legally meritorious argument to raise in its own defense, is evidence of bad faith. This factor weighs in favor of an award of attorney's fees to the Plaintiff.

### 2. *Ability to Satisfy Award*

The Defendant does not dispute its ability to satisfy an award of attorney's fees and costs. This factor, therefore, weighs in favor of sustaining the Plaintiff's motion.

### 3. *Deterrent Effect of Award*

The Defendant argues that an award of attorney's fees would have no deterrent effect on others in similar situations, insisting that it acted properly. Far from acting properly, the Defendant has for years avoided paying benefits it was well aware the Plaintiff was eligible for and to which he was entitled. Having no legal argument to offer for its failure to pay benefits, the Court can only conclude that it was the Defendant's hope that the Plaintiff, wishing to avoid delay and the costs of litigation, would accept his benefits in an amount less than that which was his due. Should the Court not award attorney's fees in these circumstances, it would in effect penalize the Plaintiff. The Defendant would be required to pay only that which it knew all along it owed, and the Plaintiff, after paying his attorney, would be left in a position significantly worse than was his due. Such a result would only embolden this Defendant, and others similarly situated, as it would reduce the likelihood that plaintiffs in the future would assert their rights and press their claims through litigation. Awarding attorney's fees in this action would advise this Defendant, and others similarly situated, that there is a cost associated with engaging in the kind of tactics used by this Defendant. This factor, therefore, weighs in favor of awarding the Plaintiff attorney's fees and costs.

### 4. *Benefit to Others*

The Plaintiff acknowledges that in filing this action, he sought only to secure his own benefits, and not to benefit others. This factor, therefore, does not weigh in favor of an award of attorney's fees.

### 5. *Relative Merits of Positions*

The Defendants argue that this factor has no relevance, as the Defendant acknowledged that the Plaintiff was entitled to benefits and the only question was the amount of benefits to be conferred. However, far from conceding its liability, the Defendant disputed the Plaintiff's claim in its Answer (Doc. # 8), even though the evidence clearly indicated that the Plaintiff was entitled to benefits. This factor weighs in favor of awarding attorney's fees.

Of the five factors to be considered by the Court, four weigh in favor of awarding the Plaintiff attorney's fees and costs. Consequently, the Plaintiff's Motion for Attorney's Fees and Non-taxable Costs (Doc. # 22) is SUSTAINED. Having determined that an award of attorney's fees is appropriate in this case, it is left to the Court to determine the amount that should be awarded. Plaintiff seeks an award of $14,842.34, a figure representing 45.1 hours of his attorney' time billed at $300 an hour, 14.5 hours of his for time counsel's legal assistant billed at $85 an hour and $79.84 in costs. Doc. # 22, Att. # 1.

■■■ In ERISA actions, the "lodestar" approach is the proper method for determining the amount of reasonable attorneys' fees. *See, Building Service Local 47*

*Cleaning Contractors Pension Plan v. Grandview Raceway,* 46 F.3d 1392, 1401 (6th Cir.1995) (citing, *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 563, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)). In applying the lodestar approach, "[t]he most useful starting point ... is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). There is a "strong presumption" that this lodestar figure represents a reasonable fee. *Id.* However, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward...." *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933.

The Defendant argues that the hourly rate used by the Plaintiff to compute the lodestar amount, and the amount of time spent on portions of the work, are unreasonable. Doc. # 23 at 3–4. "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist,* 372 F.3d 784, 791 (6th Cir.2004). The Plaintiff has offered the affidavit of his attorney, Tony Merry, in support of his contention that $300 is a reasonable hourly rate for an attorney of his experience in this area of practice. Doc. # 22, Att. # 1, Affidavit of Tony Merry, ¶ 7. The Defendant has offered no affidavit, but an opinion that $150 is a reasonable hourly rate. The opinion of the Defendant is not enough to contra-

dict the affidavit offered by the Plaintiff. Expert testimony or an affidavit is required to establish a reasonable hourly rate.[1] However, taken alone, the affidavit from an attorney in Columbus, Ohio, is insufficient to support a conclusion that $300 is a reasonable hourly rate for the Dayton market. *See, Geier, supra.*

Hourly rates should not exceed the market rates necessary to encourage competent lawyers to undertake the representation in question. *Coulter v. State of Tenn.,* 805 F.2d 146, 149 (6th Cir.1986). In determining the prevailing market rate, a court may consider its own experience in awarding attorney's fees. *See id.* at 149–50. Based upon its knowledge of the market rates, in this community, for legal services such as those provided to the Plaintiff, gained as a result of ruling upon numerous requests for attorney's fees, this Court finds that $225.00 is an appropriate hourly rate, which would encourage competent counsel to represent individuals such as the Plaintiff in this litigation.[2]

The Defendant also argues that the time spent by the Plaintiff preparing the Complaint and the Motion for Summary Judgment, ruled on as a Motion for Judgment on the Administrative Record, was excessive. Doc. # 23 at 3–4. Specifically, the Defendant argues that the 4.5 hours spent preparing the Complaint and 22 hours spent preparing the Motion for Judgment on the Administrative Record "appears excessive." *Id.* This time represents both the attorney and legal assistant's time. After reviewing the record the Court finds that the Plaintiff spent a reasonable amount of time on these two matters, and

---

1. As will be seen below, a Court may also rely on its own experience in awarding attorney's fees.

2. In the same vein, the Court finds the $85 hourly rate requested by the Plaintiff for the

time of his legal assistant to be excessive, and will compute a lodestar based on an hourly rate of $65 which, in the Court's experience appropriately reflects the rate for this market.

on other matters, with two exceptions, to wit: time spent on discovery and time spent on service of process.

■ The Plaintiff's log includes 4.7 hours of attorney's time and 1.2 hours of time spent on discovery by the attorney's legal assistant. In an ERISA action of this type, judgment is made on the administrative record, and discovery is not normally available to either party. *See, Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 619 (6th Cir.1998). The Plaintiff has offered nothing to suggest that this action was unique. Consequently, the Court will not include the hours spent on discovery in its computation of a lodestar amount.

■ The Defendant also objects to the Plaintiff seeking costs and attorney's fees associated with the service of process, arguing that, in attempting to serve Defendant's counsel, process was not properly served. Doc. # 23 at 3.[3] The Plaintiff argues that the Defendant, having refused to waive service and twice avoided service, should not now be allowed to argue that the Plaintiff's manner of service failed to comply with the rule.

Federal Rule of Civil Procedure 4(d) permits a plaintiff to avoid the costs of personal service by providing a defendant with written notice, through first-class mail or other reliable means, of the commencement of an action and with a request that defendant waive service of summons. Once notified, a defendant "has a duty to avoid unnecessary costs of serving the summons." Fed.R.Civ.P. 4(d)(2). If the defendant does not comply with the request, "the court shall impose costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Fed.R.Civ.P. 4(d)(2)(G).

The docket record indicates that Summons were issued for the Defendant's attorney on September 6, 2001, and for the Defendant on September 21, 2001. Doc. # 2 and # 3. The Defendant was given notice regarding the certified mail service on October 5, 2001. Doc. # 4. The Court received the attorney's return of service on October 9, 2001, and the Defendant's return of service on October 10, 2001. Doc. # 5 and # 6. Neither the Defendant, nor its attorney, was the designated agent for purposes of service of process. Doc. # 23, Ex. E, Summary Plan Description at 135. Even were the summons properly addressed, there is nothing in the record suggesting that the Plaintiff ever sent a Request for Waiver of Service. The Plaintiff, having failed to properly serve the summons and having failed to request that the Defendant waive service, may not now seek attorney's fees and costs associated with service of process. *See,* Fed.R.Civ.P. 4(d)(2). Consequently, the Plaintiff is not entitled to his attorney's fees and costs associated with service of process. According to the Exhibit attached to the Plaintiff's Attorney's Affidavit, 2.5 hours of the attorney's time and 3.6 hours of his legal assistant's time were spent on the service of process.[4] Doc. # 22, Att. # 1. This time will be excluded from the lode-

---

3. The Plaintiff attempted service on the Defendant's attorney on September 6, 2001. On October 19, 2001, Defendant's counsel agreed to accept service on behalf of his client in return for additional time to file an answer and admission *pro hoc vice.* Doc. # 23, Ex. D.

4. All of the time spent on the summons and service of process, with the exception of .4 hours of work done by the Plaintiff's attorney on correspondence regarding reimbursement of costs of service, was committed prior to the Defendant's Counsel's agreement to accept service of process on behalf of his client. Doc. # 22, Att. # 1. As the Plaintiff is not entitled to reimbursement of the costs of associated with the service of process, none of that time will be used in calculating the lodestar amount.

star calculation. Additionally the $65.00 claimed by the Plaintiff for the process server will be excluded from a calculation of the award of appropriate non-taxable costs.

█ Based on the Court's findings, the lodestar amount for computing the Plaintiff's reasonable attorney's fees is $9158.00. This is based on 37.9 hours of attorney time at an hourly rate of $225 and 9.7 hours of legal assistant time at an hourly rate of $65. There is "a strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague,* 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). There being nothing on the record to suggest that this presumption is incorrect in this matter, the Court will award the Plaintiff reasonable attorney's fees in the amount of $9158.00.

Finally, as to costs, the Plaintiff seeks non-taxable costs in the amount of $79.84 for Computerized Legal Research ($.28), Process Server ($65.00) and Federal Express ($14.56). The Plaintiff is not entitled to all of the costs he seeks. As has been discussed, the Plaintiff is not entitled to costs associated with service of process; consequently, the fee for the process server will not be included in the Court's calculation of costs. However, the evidence offered by the Plaintiff indicates that the cost of legal research occurred prior to the filing of the Complaint and the costs associated with Federal Express occurred after the Defendant entered his first appearance. Doc. # 22, Att. # 1. The Defendant having offered nothing to suggest that these two items are related to the service of process, the Court concludes that an award of these costs would be appropriate. Consequently, the Court

hereby awards the Plaintiff $14.84 in non-taxable costs.[5]

## IV. CONCLUSION

The Plaintiff's Motion for Attorney's Fees and Non-taxable Costs (Doc. # 20) is SUSTAINED. The Defendant is hereby ordered to pay to the Plaintiff $9172.84 representing the Plaintiff's reasonable attorney's fees and non-taxable costs.

Judgment to be entered accordingly.

---

5. The Defendant has argued that the Plaintiff is not entitled to costs as he has not complied with the requirements of 28 U.S.C. § 1920. While the Defendant's argument is correct, it is unavailing. Section 1920 applies to taxable costs, and the Plaintiff is not seeking an award for such. Rather he is seeking an award for non-taxable costs.