NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0948n.06

**No. 13-3519**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 05, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHRIS A. GEIGER, | ) | |
| | ) | |
|     Plaintiff – Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| PFIZER, INC., et al., | ) | |
| | ) | |
|     Defendants – Appellees. | ) | |

Before:  SUTTON and KETHLEDGE, Circuit Judges; and DOW, District Judge.[*]

DOW, District Judge.  Plaintiff Chris Geiger sued her employer, her long-term disability plan, and the benefits administrator of her long-term disability plan, seeking review of her claim for long-term disability benefits that were discontinued in March 2009.  After considering the parties' cross-motions for judgment on the administrative record, the district court remanded the case and ordered the benefits administrator to consider Geiger's occupational requirements and acknowledge the Social Security Administration's determination of disability.  Geiger then moved for attorney fees under 29 U.S.C. § 1132(g)(1).  The district court denied Geiger's request and this appeal ensued.  For the following reasons, we affirm.

I.

Following a horseback-riding injury in 2007, Chris Geiger applied for long-term disability benefits under the terms of an employee welfare benefit plan offered by her employer, Pfizer, Inc.

---

[*]  The Honorable Robert M. Dow, Jr., United States District Judge for the Northern District of Illinois, sitting by designation.

In addition to a fractured hip sustained during the horseback-riding incident, Geiger's medical records indicated that she suffered from, among other things, fibromyalgia and narcolepsy. Initially, the benefits administrator, Cigna Life Insurance Company of New York ("Cigna"), granted Geiger's claim; however, approximately a year later, Cigna reversed its previous decision and discontinued Geiger's long-term benefits. Geiger appealed the decision to terminate her benefits. After Cigna upheld its decision, Geiger filed an action in the Southern District of Ohio in which she asserted a single claim for unlawful denial of long-term benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), against Cigna Group Insurance, Pfizer, Inc., and Pfizer, Inc. Long-Term Disability Plan. Geiger subsequently amended her complaint to add Cigna Life Insurance Company of New York as a defendant.

Geiger and all of the Defendants moved for judgment on the administrative record. On January 16, 2013, the district court granted in part and denied in part Plaintiff's motion and denied Defendants' cross motion, remanding Geiger's claim to Cigna to conduct a "full and fair review of Plaintiff's claim for long term disability benefits." Specifically, the court directed Cigna to consider Geiger's occupational requirements, as well as a Social Security Administration determination of disability that was not part of the administrative record. The district court did not find that Geiger was disabled, as Geiger had urged. Rather, the Court concluded that Cigna had acted arbitrarily and capriciously in evaluating Geiger's long-term disability benefits claim. Additionally, while the court acknowledged that Cigna operates under "an inherent conflict of interest," it neither found evidence of bias nor a conflict of interest that affected the decision-making process.

Once the case was remanded, Geiger brought a "Motion to Re-Open the Case" and moved for attorney's fees. The district court denied the request for fees, and Geiger appealed.[1]

---

[1] In her opening brief, Geiger contends that the district court "should have, at the very least, re-opened the case to fully consider the issue of attorney's fees." Appellant's Br. at 4. The district

II.

ERISA, 29 U.S.C. § 1132(g)(1), provides that "in any action under the subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." *See Secretary of Dept. of Labor v. King*, 775 F.2d 666, 669 n.5 (6th Cir. 1985). We review a district court's award or denial of attorney's fees in an ERISA action for an abuse of discretion. *Shelby Cnty. Health Care Corp. v. Majestic Star Casino,* 581 F.3d 355, 376 (6th Cir. 2009). "An abuse of discretion exists only when the court has the definite and firm conviction that the district court made a clear error of judgment in its conclusion upon weighing relevant factors." *Id.* (alterations and internal quotation marks omitted); *see also Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.,* 679 F.3d 410, 424 (6th Cir. 2012) ("Generally, finding an abuse of discretion would require the lower court ignoring the criteria set by the Sixth Circuit or otherwise a certainty on this Court's part that a clear error in judgment was committed.") (alterations and internal quotation marks omitted).

The Supreme Court's decision in *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 130 S.Ct. 2149 (2010), clarified that a fee claimant need not be a "prevailing party" to be eligible for attorney's fees under ERISA's fee-shifting statute. Eligibility for attorney's fees merely requires that the claimant have achieved "some degree of success on the merits." *Id.* at 2158. Here, the district court concluded, and both sides concur, that Geiger achieved "some degree of success on the merits."

---

court took full briefing on the issue of attorney's fees and issued a written decision, from which Geiger appeals. Thus, even though the district court "denied" Geiger's motion to reopen—perhaps because the case appears to have remained open on the court's docket through the filing of the motions to reopen and for attorney's fees—the denial did not truncate consideration of the motion for attorney's fees.

Even under this more relaxed threshold for eligibility, Geiger must demonstrate her entitlement to attorney's fees. *See Foltice v. Guardsman Products, Inc.,* 98 F.3d 933, 936 (6th Cir. 1996) (citing *Armistead v. Vernitron Corp.,* 944 F.2d 1287, 1301–02 (6th Cir. 1991)) ("[O]ur circuit recognizes no presumption as to whether attorney's fees will be awarded" to the prevailing party in an ERISA action.). To determine whether Geiger should be awarded fees, the district court properly considered the following five factors set forth in *Secretary of Department of Labor v. King*:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

775 F.2d at 669. The *King* factors—as they have been dubbed in this Circuit—are not statutory and thus should be viewed flexibly, with no one factor being "necessarily dispositive." *Foltice*, 98 F.3d at 937 (quotation omitted). The parties dispute only factors one, three, and five in this appeal. The district court concluded, and the parties agree, that Cigna could satisfy an award of attorney's fees, which weighs in Geiger's favor, and that the common benefit factor cuts Cigna's way.

In its decision, the district court outlined the applicable law and provided an explanation as to each factor. As to the first factor, the district court concluded that nothing in the record indicated any culpability or bad faith by Cigna. In reaching this conclusion, the district court noted that Cigna's decision was understandable "in light of the evidence of Plaintiff's farming and competitive horseback riding." The court also noted that Cigna was not solely responsible for the lack of evidence in the record; Geiger bore the burden of proving entitlement to benefits, and her counsel could have supplemented the record prior to the court's determination. Additionally, in its remand order, the district court specifically found no evidence of bias on the part of Cigna.

Geiger focuses on the "degree of culpability or bad faith" factor and argues that the district court's finding that Cigna acted arbitrarily and capriciously necessarily resolves the first factor in her favor. Geiger's argument assumes that the requisite level of culpability or bad faith is established any time that a district court remands an ERISA claim to address deficiencies in the review process. But the first factor asks district courts to consider the "degree" of culpability or bad faith, not merely whether the opposing party is culpable in any sense of the word. *See Moon v. Unum Provident Corp.*, 461 F.3d 639, 643 (6th Cir. 2006) (noting that an arbitrary and capricious denial of benefits can, but "does not necessarily[,] indicate culpability or bad faith") (quoting *Heffernan v. UNUM Life Ins. Co. of America*, 101 Fed. Appx. 99, 109 (6th Cir. 2004); *see also Gard v. Blankenburg*, 33 Fed. Appx. 722, 732 (6th Cir. 2002) ("Simply speaking, the necessary degree of culpability is not established by the fact that a defendant has been found liable."). To conclude that the degree-of-culpability factor always favors an award of attorney fees when a case is remanded to address an inadequate review of the record would essentially equate the first *King* factor with a litigant's degree of success on the merits. *Gard*, 33 Fed. Appx. at 732. The law of this circuit makes clear that these are separate inquiries. *See Ciaramitaro v. Unum Life Ins. Co. of America*, 521 Fed. Appx. 430, 436-37 (6th Cir. 2013) (quoting *O'Callaghan v. SPX Corp.*, 442 Fed. Appx. 180, 186 (6th Cir. 2011) ("*Hardt* does not change the district court's five-factor analysis."); *see also Foltice,* 98 F.3d at 936 (6th Cir. 1996) (citing *Armistead,* 944 F.2d at 1301–02) ("[O]ur circuit recognizes no presumption as to whether attorney fees will be awarded" to the prevailing party in an ERISA action.). Here, the district court properly considered the "degree" of culpability in light of the record presented and determined that the first factor weighed against awarding fees. This was not an abuse of discretion.

As to the third factor, the district court acknowledged that fee awards sometimes have a deterrent effect on plan administrators who otherwise might not conduct a full and fair review, but ultimately concluded that awarding fees would not have such an effect because "there is no evidence that Defendants are highly culpable." In reaching its conclusion, the court cited our decision in *Foltice,* in which we opined that deterrence "is likely to have more significance in a case where the defendant is highly culpable" or where "deliberate misconduct is in the offing." 98 F.3d at 937. As with the first factor, the district court concluded that the record did not establish a significant degree of culpability on the part of Cigna or point to any misconduct. Again, nothing in the district court's analysis supplies grounds for second-guessing its discretionary decision.

Finally, the district court found that both sides' positions had merit and thus concluded that the last factor also does not weigh in favor of awarding attorney's fees. The district court recognized that Geiger was able to overcome "the highly deferential arbitrary and capricious standard to achieve a remand." However, the court also noted that (1) it did not determine that Cigna's conclusions were incorrect and (2) the record contained conflicting evidence on the activities and duties that bore on Geiger's ability to work. Under these circumstances, the court did not abuse its discretion in deciding that the final factor did not favor Geiger. *See O'Callaghan*, 442 Fed. Appx. at 186 (finding no abuse of discretion where district court weighed final factor against awarding fees to the plaintiff even though "defendant's position was not sufficiently persuasive on the merits of this case").

Geiger urges a result that would essentially require a presumption in favor of attorney's fees to the party that achieves some success. This Circuit has explicitly rejected that position on numerous occasions. *See Shelby Cnty. Health Care Corp. v. Majestic Star Casino,* 581 F.3d 355, 376-77 (6th Cir. 2009); *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 529 (6th Cir. 2008); *First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005); *Foltice*, 98 F.3d at 936.

## III.

For the reasons stated above, the judgment of the district court is affirmed.